**Marilyn BUCKHOLZ, Plaintiff–Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant–Appellee.**

No. 96–4094.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 20, 1997.

Decided Nov. 20, 1997.

David Roloff (argued and briefed), Morris L. Hawk, Goldstein & Roloff, Cleveland, OH, for Plaintiff–Appellant.

Sheila Kraft Budoff (argued and briefed), Federal Deposit Insurance Corporation, Washington, DC, Linda L. Bickerstaff (briefed), Earle C. Horton, Graves & Horton, Cleveland, OH, for Defendant–Appellee.

Before: MERRITT, MOORE, and BRIGHT *, Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

In this case raising an exhaustion of administrative remedies problem, plaintiff Marilyn Buckholz, formerly an employee of a savings and loan company that became insolvent, appeals the District Court's dismissal of her complaint brought under 12 U.S.C. § 1821 of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, adopted to regulate insolvent S & Ls. The underlying action is for disability benefits denied by her employer. Buckholz first filed an administrative claim with the defendant, but before she received a response she filed this case in federal court. The District Court held that the Act deprived the court of jurisdiction in cases filed before administrative claims were resolved. The Court's judgment was rendered after the statute of limitations period for filing a new action had run. The Act does not explicitly require dismissal of cases filed prematurely, and the purpose of the Act was satisfied because the federal court proceedings were delayed until after the administrative claim was resolved. Therefore, we reverse the District Court's dismissal of this case for lack of jurisdiction.

Defendant argues that we should affirm the dismissal of the case on the alternate ground that Buckholz's only remaining claim, based on promissory estoppel, is barred by 12 C.F.R. § 563.39(a). This section requires employment contracts with savings associa-

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

tions to be in writing and approved by the institution's board of directors. Because a promissory estoppel claim is not based on a contract, we find that it is not barred by section 563.39. We therefore affirm the decision that the promissory estoppel claim is not barred, and remand for further proceedings.

## I.

In May 1988, plaintiff Marilyn Buckholz was contacted about a job opportunity at Broadview Savings Bank while she was working for TransOhio Savings Bank. Buckholz asked about Broadview's benefits package and was told mistakenly that all benefits, including insurance and disability coverage, would be effective on her first day of employment. She accepted the Broadview offer and began working for Broadview on August 1, 1988. TransOhio offered to continue her benefits package, including disability benefits, for 90 days after her separation, but she declined the offer under the mistaken view that she was covered by her new employer. On her first day at Broadview, she again asked about benefits coverage, and the Personnel Department again made a mistake and assured her that all benefits would be effective that day. When she asked for a benefits handbook, she was told that no copies were available because Broadview was changing benefits carriers.

On September 29, 1988, about two months after she began working for Broadview, Buckholz suffered a heart attack and was placed on an unpaid leave of absence. When she called Broadview to ask about her disability benefits, she was told that she had insufficient seniority to receive disability benefits. Eventually, Buckholz received a copy of the relevant pages of Broadview's disability plan, which showed that the plan required an initial 90 day period of employment before eligibility.

About a year after Buckholz's illness, the Resolution Trust Corporation was appointed receiver of Broadview. Buckholz filed an administrative claim on August 3, 1994, seeking compensation for her wrongfully denied disability benefits. Before receiving a response, she also filed this case in federal court alleging claims based on promissory estoppel and breach of contract. The original defendant was the Resolution Trust Corporation, but it was later succeeded as defendant by the Federal Deposit Insurance Corporation.

In the federal court case, Buckholz agreed two times to defendant's request to extend the deadline for the response to her complaint. In its motion to the District Court, defendant stated that the purpose of extending the deadline for its response was to enable the parties to exhaust the administrative claims process before proceeding with the case before the federal court. The District Court granted the extensions.

Buckholz's administrative claim was disallowed on November 28, 1994. Two months later, on February 2, 1995, defendant filed a motion in the District Court to dismiss plaintiff's breach of contract and promissory estoppel claims because they were barred by 12 C.F.R. § 563.39. On June 7, 1995, the District Court dismissed the breach of contract claim but did not dismiss the promissory estoppel claim.

Over a year and a half after Buckholz's administrative claim was disallowed and a year after the District Court refused to dismiss Buckholz's promissory estoppel claim, defendant filed a motion for summary judgment based on lack of subject matter jurisdiction. On September 3, 1996, the District Court granted the motion for summary judgment, finding that 12 U.S.C. § 1821 required the court to dismiss this case for lack of jurisdiction because Buckholz had filed her federal action before her administrative claim was disallowed. By the time the District Court dismissed this action, the Act prevented Buckholz from filing a new action—unless the pendency of this action tolls the running of the limitations period on a new action—because a plaintiff cannot file an action later than sixty days after her claim has been disallowed. The sixty-day deadline had passed over a year before the District Court dismissed this case for lack of jurisdiction.

## II.

The District Court determined that the Financial Institutions Reform Act, at 12

U.S.C. § 1821(d)(6), permanently deprives a federal court of all jurisdiction in any case filed before a plaintiff receives a response to her administrative claim. We do not agree with this interpretation of section 1821(d)(6). As we noted in *Holmes Fin. Assoc., Inc. v. Resolution Trust Corp.,* 33 F.3d 561, 563 n. 1 (6th Cir.1994), the Financial Institutions Reform Act does not contain an explicit exhaustion requirement although federal courts generally have inferred an exhaustion requirement.

In Buckholz's case, the parties agreed to postpone the federal court action until the administrative claim was resolved. The District Court permitted the delay and did not proceed with the case until after Buckholz received notification that her administrative claim was disallowed. The District Court then dismissed Buckholz's claim for lack of jurisdiction, even though the time limit for filing a new action under the Act had passed.

The literal language of the Act only specifies the latest date for filing an action not the earliest. The Act does not limit how long before that date an action can be filed; nor does it suggest that an action must be dismissed rather than stayed if filed too early. Under the Act, a plaintiff can file:

*Before the end of the 60–day period* beginning on the earlier of—

(i) the end of the period described in paragraph (5)(A)(i) [which provides for review of a claim within 180 days] with respect to any claim against a depository institution for which the Corporation is receiver; or

(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i). . . .

12 U.S.C. § 1821(d)(6)(a) (emphasis added). Although it is true that a federal court lacks jurisdiction or power to act until one of the two events cited above occur,[1] nothing in the statute eliminates the court's authority in a pending case once the FDIC disallows a claim under § 1821(d)(6)(a)(ii). The literal language of the Act requires that cases be filed *before* the sixty-day deadline, but the language does not set a limit on how long before that deadline the cases must be filed. Buckholz's claim was disallowed on November 28, 1994. Therefore, under the literal language of the Act, Buckholz could file her suit *before* January 27, 1995. She complied with this requirement because she filed her suit on September 27, 1994. We find that under the circumstances, the provisions and purposes of the Act were satisfied and the District Court had jurisdiction after the disallowance of the claim to decide the case.

We are not persuaded by the government's citation to two Supreme Court cases which analyzed the exhaustion requirements under the Federal Torts Claims Act and the Resource Conservation and Recovery Act. Both of the statutes, unlike the Financial Institutions Reform Act, explicitly prevent the filing of an action before the plaintiff fulfills certain requirements. In *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the Supreme Court held that 28 U.S.C. § 2675(a) of the Federal Torts Claims Act, which provides that "[a]n action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied," prevents a plaintiff from bringing an action in federal court under this Act until the federal agency has denied the plaintiff's claim. Similarly, in *Hallstrom v. Tillamook County,* 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), the Supreme Court held that 42 U.S.C. § 6972(b)(1) of the Resource Conservation and Recovery Act, which provides that "[n]o action may be commenced ... prior to 60 days after the plaintiff has given notice of the violation," requires a plaintiff to give 60–days notice to the EPA, the State, and the alleged violator of the law before filing a federal action. As we already explained, the language of the Financial Institutions Reform Act does not contain a specific exhaustion requirement and therefore we do not find

---

1. Section 1821(d)(13)(D) provides: "Except as otherwise provided in this subsection, no court shall have jurisdiction over—(i) any claim or action for payment from ... the assets of any depository institution for which the Corporation has been appointed receiver, ...; or (ii) any claim relating to any act or omission of such institution or the Corporation as receiver."

that *McNeil* or *Hallstrom* alter the result in this case.

## III.

■ Defendant argues that even if we find that the District Court had jurisdiction to hear this case, we should affirm the District Court's dismissal of the case on the alternate ground that Buckholz's promissory estoppel claim, the only remaining claim, is barred by 12 C.F.R. § 563.39(a). Section 563.39(a) requires employment contracts with savings associations to be in writing and approved by the institution's board of directors. The District Court, in its June 7, 1995 opinion, held that 12 C.F.R. § 563.39(a) applies to claims arising out of contracts and does not bar Buckholz's promissory estoppel claim because it does not arise out of a contract. In fact, a promissory estoppel claim arises despite the lack of a contract. 28 Am.Jur.2d *Estoppel and Waiver* § 48 (1966); Robert A. Brazener, Annotation, *Promissory Estoppel As Basis For Avoidance Of Statute Of Frauds*, 56 A.L.R.3d 1037 § 2 (1974).

In a similar situation, a District Court in Missouri held that equitable estoppel prevented the Resolution Trust Corporation from claiming that an employment contract was invalid because it did not meet the requirements of section 563.39. *Resolution Trust Corp. v. Owens*, No. 90–0726–CV–W–1, 1991 WL 311867 (W.D.Mo. June 25, 1991), *vacated*, No. 90–0726–CV–W–1, 1991 WL 311903 (W.D.Mo. July 15, 1991) (vacated to facilitate settlement pursuant to the request of the parties). In *Owens*, the employee had been asked to stay at his position both by the Resolution Trust Corporation and the Office of Thrift Supervision and had been reassured repeatedly that the problems with his contract complying with section 563.39 would be resolved. Similarly, Buckholz was contacted by Broadview to interview for a position, and she was repeatedly assured that she would receive disability benefits from her first day at work for Broadview.

■ We also find that section 563.39 is similar to the Statute of Frauds because both require contracts to be in writing under certain circumstances. In *Poskocil v. Cleveland Institute of Music*, No. 71425, 1997 WL 209265, at *4 (Ohio Ct.App. Apr. 24, 1997) (unpublished), *appeal not allowed by*, 79 Ohio St.3d 1491, 683 N.E.2d 793 (1997), the Ohio Court of Appeals, facing a situation where an employee was promised employment for three years but did not have a written contract, held that the Statute of Frauds did not bar the employee's promissory estoppel claim. The Court explained that "[m]ost employment agreements are not reduced to writing and a typical hopeful prospective employee does not have the leverage to demand that a writing be executed." Similarly, Buckholz was told several times by Broadview representatives that she would receive disability benefits from her first day at work and based on these assurances she declined her previous employer's offer to continue her disability benefits for 90 days after she left her previous position. She even asked to see Broadview's benefits handbook but Broadview refused to provide her with a copy, telling her that copies were unavailable. We find that section 563.39(a), like the Statute of Frauds, does not bar a promissory estoppel claim of an employee who was induced to accept a position and to decline benefits offered by her previous employer, and then denied the benefits which she was consistently promised.

## IV.

We therefore REVERSE the District Court's dismissal of Buckholz's action, AFFIRM the decision that the promissory estoppel claim is not barred, and REMAND for further proceedings.