Joseph P. MESSINO

v.

Ronald M. MCBRIDE

No. DKC 2001–3013.

United States District Court, D. Maryland.

Nov. 30, 2001.

Robert A. Sapero, Sapero and Sapero, Baltimore, MD, for Joseph P. Messino.

Allen F. Loucks, Office of U.S. Atty., Baltimore, MD, for Ronald M. McBride.

Allen F. Loucks, Thomas M. DiBiagio, Office of Atty. General, Baltimore, MD, for U.S.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending in this personal injury case are (1) an unopposed motion to substitute and dismiss and (2) a motion to remand. For the reasons that follow, the motion to remand will be denied and the motion to substitute and dismiss will be granted.

### Background

Plaintiff filed this case in the Circuit Court for Prince George's County, alleging that Ronald M. McBride, who was driving a vehicle owned by the United States Air

Force, negligently caused an accident in which Plaintiff was injured. The United States of America and McBride then filed a notice of removal, along with a certification that McBride was acting within the scope of employment as a civilian employee of the United States at the time of the matters set forth in the complaint.

The United States then filed a motion to substitute it in place of McBride and to dismiss the complaint for failure to exhaust administrative remedies. Plaintiff has not responded to that motion. Plaintiff has also filed a motion to remand, which the United States opposes.

**Analysis**

 In a case brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, the proper defendant is the United States, and not the individual employee. Accordingly, the United States will be substituted as the named Defendant. The certification is conclusive as to removal jurisdiction, although it may be challenged for other purposes. *Borneman v. United States,* 213 F.3d 819, 825 (4th Cir.2000). Plaintiff's motion to remand merely states that no sufficient certification had been filed, but the certification that appears in the court file is sufficient. Accordingly, the motion to remand will be denied.

 Finally, it is clear today that a plaintiff must have exhausted administrative remedies **prior** to filing suit, or the case is subject to dismissal. *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.") Completion of administrative proceedings

after filing does not cure the defect, even if no substantive proceedings have yet taken place. The record is uncontradicted that, while an administrative claim had been filed prior to the filing of the complaint, it had not been resolved nor had six months elapsed.[1] Rather, the administrative claim was denied after the complaint was pending in this court. Accordingly, Plaintiff filed suit prematurely and the complaint must be dismissed.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of November, 2001, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to substitute BE, and the same hereby IS, GRANTED and the United States of America is substituted for Ronald M. McBride as the proper defendant;

2. Plaintiff's motion to remand BE, and the same hereby IS, DENIED;

3. The motion to dismiss for failure to exhaust administrative remedies BE, and the same hereby IS, GRANTED and the complaint BE, and the same hereby IS, DISMISSED; and

4. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.

---

1. Under the FTCA, if the agency has not rendered a decision within six months, the plaintiff may then consider the claim denied and file suit. 28 U.S.C. §§ 2671 *et seq.*