**Dwayne ANDERSON, Appellant**

v.

**UNITED STATES of America, Appellee**

No. 02–5112.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 16, 2002.

Rehearing Denied Dec. 4, 2002.

Before GINSBURG, Chief Judge, and ROGERS and TATEL, Circuit Judges.

JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's order filed March 15, 2002, be affirmed. The district court correctly determined that appellant failed to state a claim under the Federal Tort Claims Act ("FTCA") based on the government's failure to investigate his allegations against judges and clerk's offices of other courts. The Attorney General's decision to investigate complaints involving government officers or employees is discretionary rather than mandatory. *See* 28 U.S.C. § 535(a). Such discretionary authority is presumptively unreviewable by the courts. *See Shoshone–Bannock Tribes v. Reno,* 56 F.3d 1476, 1481 (D.C.Cir.1995) (*citing Heckler v. Chaney,* 470 U.S. 821, 832, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1984) ("agency refusals to institute investigative or enforcement proceedings" are presumed immune from judicial review)).

Appellant fails to effectively challenge the district court's additional determination that he did not timely exhaust his administrative remedies under 28 U.S.C. § 2401(b). *See Neil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (FTCA requires exhaustion of administrative remedies before suit may be filed). Appellant's argument that he filed a claim with the Administrative Office of the United States Courts and that office refused to transfer his claim to the appropriate agency for review does not excuse him from complying with the exhaustion requirements because appellant was responsible for filing his claim with the appropriate administrative agency.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.