Anatoly **ROZENBLAT,** Plaintiff–Appellant,

v.

**SANDIA CORPORATION, d/b/a/ Sandia National Laboratories, and Peter Van Blarigan, Defendants–Appellees.**

No. 03–2341.

United States Court of Appeals, Seventh Circuit.

Submitted Oct 20, 2003.*

Decided Oct. 22, 2003.

Rehearing and Rehearing En Banc Denied Nov. 17, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Anatoly Rozenblat, pro se, Chicago, IL, for Plaintiff–Appellant.

Charles W. Shifley, Banner & Witcoff, Chicago, IL, for Defendants–Appellees.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

### ORDER

Anatoly Rozenblat, a self-described "Independent Scientist and Inventor," sued the Department of Energy's Sandia National Laboratories and Sandia employee Peter Van Blarigan for copyright infringement, *see* 17 U.S.C. § 101 *et seq.*, based on an illustrated article describing Sandia and Van Blarigan's development of a new type of internal combustion engine for generating electricity. Rozenblat alleged that the article and its illustration violated his copyrights in a manuscript and two drawings expressing his own vision of the same concept. The district court concluded that the article and illustration are not substantially similar to Rozenblat's copyrighted works, and so granted summary judgment in favor of the defendants. We affirm.

Rozenblat, a Russian emigre and engineer, claims credit for conceptualizing a new "combined engine" that uses fixed magnets and coils with the pistons in the cylinders of a conventional, crankshaft internal combustion engine to generate electricity as the pistons cycle. Rozenblat advanced his idea–via a short description of the proposed engine–in a number of forums between 1991 and 2001. In 1993 the National Congress of Inventor Organizations published the description (along with descriptions of other Rozenblat innovations) in its newsletter, "America's Inventor." Rozenblat also filed a patent application for his engine, but it is unclear whether he ever obtained a patent or actually built a prototype. In 1995, however, he did obtain copyright registration for two illustrations of the proposed engine's piston–a full sectional view and a top view. And in 1996 he obtained copyright registration for the manuscript of his later-published book, *The Russian Scientist and Inventor Brings the New Technologies to the U.S.A.* The manuscript includes Rozenblat's brief description of the combined engine.

Meanwhile, Sandia was working to develop a "free piston" internal combustion engine for generating electricity more cleanly and economically than is feasible with traditional reciprocating engines. In 2001 Van Blarigan, the principal researcher on the project, obtained a patent (assigned to Sandia) for the "free-piston engine." The previous year, an American Society of Mechanical Engineers publication, *Mechanical Engineering Power,* had described Sandia's efforts in an article entitled "Cleaner Energy." The author had interviewed Van Blarigan, who explained that Sandia's engine differs from conventional reciprocating engines by employing compression rather than spark ignition to move a piston between two combustion chambers. The piston then drags attached rare earth magnets that surround it through coils separating the combustion chambers to generate electric current. The article also included an illustration

(similar to the one in Van Blarigan's patent application) of the free-piston engine.

After seeing "Cleaner Energy," Rozenblat (who did not learn about the patent until Sandia produced it in discovery) filed suit for copyright infringement in Illinois state court, claiming that the Department of Energy and Sandia had "begun to use [his] works." Rozenblat alleged that "Cleaner Energy" exposed "substantial similarity" between the defendants' "works" and his own copyrighted description of the "combined engine" and illustration of its piston. He sought damages or a "stop" to the free-piston engine project.

The defendants removed the suit to district court, where the court transferred the action as to the Department of Energy to the Court of Federal Claims. The district court initially granted Rozenblat's motion for appointment of counsel, but two different lawyers that the court enlisted withdrew, and so Rozenblat proceeded pro se. In granting summary judgment for the defendants, the district court compared Rozenblat's description (contained in his copyrighted manuscript) of the proposed combined engine and his illustrations of its piston with "Cleaner Energy" and the article's illustration of the free-piston engine. The court concluded that any similarities between Rozenblat's protected works and the allegedly infringing article and illustration related to unprotected ideas, not the expression of those ideas that Rozenblat's copyrights protect.

Rozenblat contests the grant of summary judgment. To succeed on a copyright infringement claim, Rozenblat must prove that he owns a valid copyright and that the defendants copied original or "protectible" aspects of the copyrighted work. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). To prove that the defendants copied protectible aspects of his work, Rozenblat must demonstrate that the allegedly infringing work is "substantially similar" to copyrightable aspects of his own work. *See, e.g., Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 939 (7th Cir. 1989); *see also* Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[B] (2003). We assume for purposes of summary judgment that the defendants had access to, and may have copied, Rozenblat's work. *See Pickett v. Prince*, 207 F.3d 402, 404 (7th Cir.2000). Thus, the dispute here centers on the similarity of the works–specifically, whether a factfinder could conclude that the article and its illustration of the free-piston engine are substantially similar to protected elements of Rozenblat's works.

We can easily dispense with Rozenblat's claim that "Cleaner Energy" infringes on his copyrighted description of his "combined engine." First off, neither Sandia nor Van Blarigan authored "Cleaner Energy," making it improbable that they bear responsibility for the alleged infringement. But even if we assume they *could* be culpable, "Cleaner Energy" is not substantially similar to the description of the combined engine in Rozenblat's manuscript. Rozenblat's "proof" of substantial similarity amounts to a list of commonplace words and phrases culled from "Cleaner Energy" that also appear in his own work. The list of words demonstrates only that both works use ordinary terminology like engine, piston, cylinder, and power. And the "phrases" are no more illuminating–Rozenblat points out, for instance, that his work says "induce a electromagnetic force (e.m.f.) and additionally current," and "Cleaner Energy" contains the phrase "generates electric power." But using the same words and phrases does not amount to stealing protected expression, *see Bird v. Parsons*, 289 F.3d 865, 881–82 (6th Cir. 2002) ("fragmentary words and phrases" are not protected) (collecting cases), especially when, as is true here, the words and

phrases are necessary to describe an un-protected process, *see Am. Dental Ass'n v. Delta Dental Plans Ass'n*, 126 F.3d 977, 979 (7th Cir.1997); *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 508 (7th Cir.1994) (no copyright infringe-ment for using expression *required* by idea).

Looking more closely at the duplications Rozenblat flags only further erodes his contention that "Cleaner Energy" parrots his description of a "combined engine." Take, for instance, the phrase "crankshaft engine." "Cleaner Energy" uses the phrase in explaining that the free-piston engine *does not need* a crankshaft; Roz-enblat uses the phrase to explain how his piston would operate *in* a crankshaft en-gine.

As for the illustrations, Rozenblat insists that they are substantially similar because both depict magnets installed on a piston and coils arranged inside the cylinder through which the piston travels. But fun-damental to copyright law, and fatal to Rozenblat's claim, is the principle that ex-pression of an idea, process, or concept can be copyrighted, but not the idea, process, or concept itself. 17 U.S.C. § 102(b); *see also Feist*, 499 U.S. at 349–50, 111 S.Ct. 1282; *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 933 (7th Cir.2003); *Publ'ns Int'l Ltd. v. Meredith Corp.*, 88 F.3d 473, 481 (7th Cir.1996). Rozenblat's illustrations of a modified piston do not extend copyright protection to his *idea* of mounting magnets on the piston or ringing the inside of the cylinder with coils. His copyright protects only the expression of the idea in the illustrations–i.e., the way he depicts the piston, magnets, and coils. Rozenblat seems to misunderstand this distinction, arguing that Van Blarigan's patent for the free-piston engine somehow

proves copyright infringement. If any-thing, Rozenblat's argument reinforces the notion that he seeks protection for his *idea*, which a patent would protect, but his copyrights do not. *See Mazer v. Stein*, 347 U.S. 201, 217, 74 S.Ct. 460, 98 L.Ed. 630 (1954); *Delta Dental Plans*, 126 F.3d at 981 ("Someone who buys a book full of ideas for new machines may build and sell one of the machines without infringing the author's copyright."); *Meredith Corp.*, 88 F.3d at 481.

And it is evident from viewing the illus-trations side by side that Rozenblat's illus-tration of a piston looks nothing like the illustration of the free-piston engine. *See Susan Wakeen Doll Co. v. Ashton–Drake Galleries*, 272 F.3d 441, 451 (7th Cir.2001) ("ordinary observer test" used to deter-mine substantial similarity). Rozenblat's entire illustration is a piston, but the pis-ton occupies only a portion of the engine depicted in "Cleaner Energy." Rozenblat identified his magnets by labeling them "N" and "S," and the magnets take up a substantial portion of his illustration; the magnets shown on the free-piston engine are barely discernable. And Rozenblat de-picted the winding coils inside his pro-posed engine's cylinder as eight boxes filled with horizontal and vertical lines; the coils shown in the "Cleaner Energy" illustration look like rows of dental mold-ing over just a portion of the piston. Both illustrations indeed portray magnets capa-ble of being slid through a coil, but any similarity between them lies not in Roz-enblat's protected expression of his idea, but in unprotected "facts" such as using magnets and a coil to generate energy, or putting magnets on a piston. *See Feist*, 499 U.S. at 358, 111 S.Ct. 1282; *cf. Delta Dental Plans*, 126 F.3d at 979 (equation expressing theory of relativity not copy-rightable).

Finally, Rozenblat asserts that the district court should have appointed an expert to help him evaluate the question of substantial similarity, and should have done more to find him a lawyer. Although some circuits endorse or even require expert testimony to determine substantial similarity where a specialist's perception may differ from a layperson's, *see Kohus v. Mariol,* 328 F.3d 848, 855–58 (6th Cir.2003) (collecting cases), Rozenblat provides no hint as to why it was necessary here. Further, if he thought an expert necessary to stave off summary judgment, he should have filed a motion and submitted an affidavit under Federal Rule of Civil Procedure 56(f) explaining that to the district court. *See Woods v. City of Chicago,* 234 F.3d 979, 990 (7th Cir.2000); *cf. McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

And as for securing counsel, the district court *twice* enlisted counsel for Rozenblat, but apparently abandoned the effort after both lawyers withdrew. We review the district court's decision only for abuse of discretion, *e.g., Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995), and we can find none here.

AFFIRMED.