**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 6, 2007*
Decided November 8, 2007

### Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

**Nos**. 07-1689 and 07-2604

SECURITIES AND EXCHANGE COMMISSION,
    *Plaintiff-Appellee,*

        **v.**

MICHAEL SPADACCINI and RAYMOND J. MCNAMEE,
    *Defendants-Appellants.*

Appeals from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 05 C 4259
Milton I. Shadur, *Judge.*

### Order

These appeals are successive to one resolved earlier this year. Our opinion, *SEC v. McNamee*, 481 F.3d 451 (7th Cir. 2007), rejected a challenge to a preliminary injunction requiring McNamee to comply with the Securities Act of 1933 and limiting his ability to participate in offerings of penny stocks. It also affirmed the district court's decision that McNamee is in contempt of court but

---

    * These successive appeals have been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

remanded for further proceedings concerning the remedy. Our opinion noted that a separate appeal, No. 07-1351, had been filed from the permanent injunction and would be dealt with separately.

McNamee failed to pay the filing and docket fees for that appeal, which was dismissed. But he did file in the district court a motion for relief from judgment under Fed. R. Civ. P. 60(b) and has appealed from the denial of that motion. Another of the defendants, Michael Spadaccini, appeals directly from the entry of the permanent injunction.

Both McNamee and Spadaccini failed to file timely answers to the SEC's complaint, and the district court defaulted each of them. Both defendants say that the district court should have allowed them further opportunities to answer; they maintain that judges should tolerate slipshod litigation because they represented themselves. The premise of this argument is incorrect. Although federal judges give indulgent readings to documents filed by *pro se* litigants, everyone is bound by the rules of procedure concerning what must be filed, and when. So the Supreme Court held in *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). We see no reason to disregard not only the Rules of Civil Procedure but also the views expressed in *McNeil*.

To obtain relief from a default, a defendant must establish a good reason for the failure to file on time, prompt action to correct the problem, and a plausible defense on the merits. See, e.g., *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994). McNamee flunks all of these requirements: his failure to file a timely answer to the SEC's complaint reflects (at best) carelessness by one of his employees; he did not try to correct the problem for more than six months (and did not show up in court at proceedings held in the interim), and he lacks a plausible defense, as our prior opinion shows. In arguing that he has a good defense, McNamee just repeats arguments that were rejected in our prior opinion—which his brief does not mention.

Spadaccini acted with more dispatch after his failure to file a timely answer was brought to the court's attention, but the district judge did not abuse his discretion in concluding that Spadaccini lacks a plausible defense on the merits. Indeed, when asked repeatedly what defense he has, Spadaccini offered none; everything he said concerned the remedy, not the wrong. Spadaccini had every opportunity to address remedial issues (he was defaulted on the merits, not with respect to relief), so there was no need to set aside the default.

Appellants' other arguments are frivolous and need not be addressed separately.

AFFIRMED