**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted February 7, 2008[*]
Decided February 20, 2008

## Before

FRANK H. EASTERBROOK, Chief Judge

JOEL M. FLAUM, Circuit Judge

TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| **No**.  07-3962 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| VERONICA VINCENT, *Plaintiff-Appellant*, | |
| **v.** | |
| CHICAGO ASSOCIATION OF REALTORS, *et al*., *Defendants-Appellees*. | No. 04 C 7641 Harry D. Leinenweber, *Judge*. |

## Order

On remand after our prior opinion, *Vincent v. City Colleges of Chicago*, 485 F.3d 919 (7th Cir. 2007), the district court held a bench trial and found against plaintiff on all material factual issues. The judge concluded that plaintiff had agreed that the City Colleges may use the phrase "Smart Foreclosure Buying" without restriction; that the initials in the course materials were "V.N." and not "V.V." as plaintiff had alleged; that these initials do not refer to a course's instructor (so there was no false representation); that as soon as the Association received notice from plaintiff it stopped selling the

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

copyrighted materials; and that the phrase "Smart Foreclosure Buying" does not have a secondary meaning associating it with plaintiff, so that the trademark claim fails.

Plaintiff does not contend that any of these findings is clearly erroneous. Instead she says that she was entitled to a jury trial. But neither her complaint nor any other document filed within 10 days of the last pleading--the time limit established by Fed. R. Civ. P. 38(b)(1)--demanded a jury trial. Plaintiff did not make that request until trial was impending. The district court denied the motion as untimely.

Appellate review of such a decision is deferential, see *Lac du Flambeau Band of Indians v. Stop Treaty Abuse*, 991 F.3d 1249, 1254 (7th Cir. 1993), and we conclude that the district judge did not abuse his discretion. The delay was substantial (about two years after the last pleading), and a request on the eve of trial exposes the other side to cost and potential prejudice. As the district judge remarked, "there are important differences in preparing for a bench trial and a jury trial such as exhibits, witness questioning, preparing jury instructions and the like." The only reason that plaintiff offers for her long delay is that she did not focus on the subject until after the summary-judgment stage. That is not, however, a justification; the Civil Rules expressly require the decision to be made early in the case, and a litigant's disagreement with that approach (or inattention to the choices that must be made) does not require the court to go along. See *McNeil v. United States*, 508 U.S. 106, 113 (1993).

AFFIRMED