**Shemtov MICHTAVI, Appellant**

**v.**

**UNITED STATES of America.**

**No. 09–2094.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to 28 U.S.C. § 1915(e)(2)(B) or for Possible Summary Action

Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6 Aug. 27, 2009.

Opinion filed: Sept. 21, 2009.

Shemtov Michtavi, White Deer, PA, pro se.

Melissa A. Swauger, Esq., Office of United States Attorney, Harrisburg, PA, for Defendant–Appellee.

Before: MCKEE, FISHER and CHAGARES, Circuit Judges.

### OPINION

PER CURIAM.

Appellant Shemtov Michtavi seeks review of the order dismissing his second

amended complaint with prejudice. Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Michtavi, an Israeli citizen, is a federal prisoner currently serving a twenty-year sentence at the Low Security Correctional Institution at Allenwood in White Deer, Pennsylvania ("LSCI–Allenwood"). In April 2007, Michtavi filed a *pro se* civil action against numerous named and unnamed defendants concerning his incarceration at LSCI–Allenwood and a previous incarceration at the Federal Detention Center in Miami, Florida. He purported to bring claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

In May 2007, the District Court concluded that it lacked personal jurisdiction over the Florida defendants and dismissed Michtavi's claims against them.[1] Because Michtavi also agreed to voluntary dismissal of fifty unnamed "John Doe" defendants, the District Court dismissed without prejudice all of Michtavi's claims except those against five current and former LSCI–Allenwood employees: Miner, Babon, McArdle, Sheets, and Nevil. Noting

that the original complaint had focused primarily on the Florida claims, the District Court directed Michtavi to file an amended complaint limited to his claims against the LSCI–Allenwood officials.

Michtavi complied with the District Court's order. In his amended complaint, Michtavi alleged that several inmates at LSCI–Allenwood devised elaborate schemes to steal his legal documents and money and to frame him for wrongdoing so they could negotiate lesser sentences for themselves. Michtavi claimed that the prison officials should have prevented the inmate plots, and that they failed to respond adequately when Michtavi reported them.[2] Michtavi also claimed that the officials falsely accused Michtavi of involvement in "some sort of wrongdoing" and conspired to "cover up" the inmate plots. The prison officials' actions with respect to these inmate plots allegedly caused Michtavi to suffer "mental and emotional distress" resulting in the need to take the prescription medication Prozac. Michtavi sought injunctive relief and compensatory and punitive damages of more than thirty million dollars.

Because Michtavi had permission to proceed *in forma pauperis* ("IFP"), the District Court reviewed the first amended complaint under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915. The District Court concluded that Michtavi raised only a bare and conclusory allegation of "some sort of agreement" among the officials, which was insufficient

---

1. The District Court stated that the dismissal was without prejudice to re-filing in the proper venue (*i.e.*, the United States District Court for the Southern District of Florida). However, the District Court declined to transfer the entire matter because it concluded that the Middle District of Pennsylvania was the proper venue for Michtavi's claims against the LSCI–Allenwood officials.

2. Although Michtavi stated that he complained about the inmate plots and did not receive a satisfactory response, Michtavi also alleged that prison officials searched for and eventually returned Michtavi's legal documents to him, that the inmate who stole the legal papers was placed into solitary confinement, and that the inmate who attempted to frame Michtavi was transferred to a different prison.

to state a claim for civil conspiracy. The District Court also concluded that Michtavi failed to allege the discriminatory animus necessary for a conspiracy claim under 42 U.S.C. § 1985(3), or the predicate racketeering acts and injury to business or property necessary for a civil RICO claim under 18 U.S.C. § 1962(c). In addition, the District Court found that Michtavi failed to allege any personal involvement by defendants Miner and Babon. Finally, the District Court concluded that Michtavi did not raise allegations of cruel and unusual punishment rising to the level of an Eighth Amendment violation. Accordingly, the District dismissed all of Michtavi's claims except one: a claim under the FTCA against the United States, in which Michtavi alleged that the prison officials' failure to adequately investigate the inmate plots caused him to suffer emotional distress requiring him to take Prozac.

The Government moved to dismiss the remaining FTCA claim, arguing that the District Court lacked jurisdiction because Michtavi failed to exhaust administrative remedies and that Michtavi failed to state a claim upon which relief could be granted. The District Court granted the motion on the grounds that it lacked subject matter jurisdiction. *See* 28 U.S.C. § 2675(a) (FTCA administrative remedy exhaustion requirement); *see also* 42 U.S.C. § 1997e(a) (PLRA administrative remedy exhaustion requirement). Specifically, because Michtavi filed his complaint in District Court before he received a final administrative decision from the prison, he violated the strict requirement under the FTCA that exhaustion must be complete *prior* to instituting a civil action. *See McNeil v. United States,* 508 U.S. 106, 112–13, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Recognizing that the defect could be cured, the District Court permitted Michtavi leave to amend.

Accordingly, Michtavi filed a second amended complaint limited to his FTCA claim, in which he alleged, *inter alia,* that he properly exhausted his administrative remedies. His other supporting allegations largely remained unchanged. The Government once again moved to dismiss, arguing, *inter alia,* that Michtavi did not state a claim upon which relief can be granted. On March 4, 2009, 2009 WL 578535, the District Court granted the Government's motion and dismissed the second amended complaint with prejudice. Michtavi filed a timely appeal. He has been granted IFP status and has moved for appointment of counsel.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Michtavi is proceeding IFP, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it is legally frivolous. We may summarily affirm if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We exercise plenary review of the District Court's order. *See Angstadt v. Midd–West Sch. Dist.,* 377 F.3d 338, 342 (3d Cir.2004). Because we are reviewing the dismissal of his claims, we take Michtavi's allegations as true. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Estelle v. Gamble,* 429 U.S. 97, 99, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Michtavi was required to allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), citing *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

## A.

■ The FTCA provides that a prisoner such as Michtavi may not recover compensatory damages for exclusively mental or

emotional injuries without also showing an accompanying physical injury. 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated ... while serving a sentence may bring a civil action against the United States ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The PLRA similarly restricts a prisoner's ability to recover compensatory damages for solely mental or emotional injuries. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *see also Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir.2003). Accordingly, Michtavi could not proceed in the absence of some "prior showing of physical injury." *See* 28 U.S.C. § 1346(b)(2); 42 U.S.C. § 1997e(e).

Michtavi claimed injury in the form of "pain and suffering" and "mental and emotional distress." Although he amended his complaint twice, Michtavi never alleged a physical injury or symptom of any kind.[3] Even affording Michtavi's pleadings the liberal construction to which they are entitled, *see Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir.2003), we conclude that Michtavi did not state a claim upon which relief can be granted and dismissal was appropriate.[4] *See* Fed.R.Civ.P. 12(b)(6).

## B.

Although not listed as separate counts in the second amended complaint, Michtavi referred vaguely to the Eighth Amendment and to the existence of an alleged conspiracy. Originally, in his first amended complaint, Michtavi attempted to raise Eighth Amendment and conspiracy claims. The District Court dismissed them, concluding that Michtavi failed to allege facts sufficient to sustain either claim. The District Court construed Michtavi's references in the second amended complaint as a request to reconsider the dismissal, and held that Michtavi did not present grounds for reconsideration.

We review the District Court's denial of reconsideration for abuse of discretion. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). We exercise plenary review over the initial dismissal of Michtavi's Eighth Amendment and conspiracy claims. *See Fed. Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 348 (3d Cir.1986).

Under the Eighth Amendment, "[o]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon,* 897 F.2d 103, 108–09 (3d Cir.1990) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). "The test of 'cruel and unusual' is a strict one which considers whether the infliction grossly exceeds the legitimate need for force and violates the standards of contemporary society." *Rhodes v. Robinson,* 612 F.2d 766, 771 (3d Cir.1979). We have reviewed Michtavi's pleadings to consider

---

**3.** Although Michtavi alleged that his mental injuries require medication (*i.e.,* Prozac), the District Court concluded that the need to take medication does not necessarily lead to the conclusion that the injuries are physical in nature. We agree.

**4.** In addition, to the extent Michtavi purported to seek punitive damages, recovery for alleged loss of property, and injunctive relief,

such relief is not available under the FTCA. *See* 28 U.S.C. §§ 2674 (no punitive damages); *Molzof v. United States,* 502 U.S. 301, 312, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992) (same); 2680(c) (no property claims, except in certain circumstances not applicable in Michtavi's case); *Hatahley v. United States,* 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065 (1956) (district court does not possess power under FTCA to enjoin United States).

whether, at any time during the proceedings, he raised allegations sufficient to sustain a claim that he suffered cruel and unusual punishment in violation of the Constitution. We conclude that he did not.

■ Michtavi based his civil conspiracy claim upon the conclusory allegation that prison officials agreed to act against him. Without more, the bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Abbott v. Latshaw,* 164 F.3d 141, 148 (3d Cir.1998) (conclusory allegations of concerted action are insufficient for a § 1983 conspiracy claim); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989) (allegations supporting a conspiracy claim under civil RICO must be sufficiently specific). Dismissal was therefore appropriate.

The second amended complaint failed to include any new allegation to support Michtavi's claims. As a result, the District Court did not abuse its discretion in deciding that Michtavi's vague references to the Eighth Amendment and to the existence of a conspiracy did not provide a basis for reconsideration of the dismissal of those claims.

### III.

We have reviewed the record in this matter and conclude that there is no substantial question to be presented on appeal. Accordingly, we will summarily affirm the judgment of the District Court. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny the motion for appointment of counsel as moot.