09-1919-cv
Megna v. Food and Drug Administration

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand and ten.

PRESENT: AMALYA L. KEARSE,
         RICHARD C. WESLEY,
                 *Circuit Judges*,
         PAUL A. CROTTY,
                 *District Judge*.[*]

---

CATHERINE H. MEGNA *ex rel.* SARAH A. MEGNA,

*Appellant*,

-v.-                                          (09-1919-cv)

FOOD AND DRUG ADMINISTRATION, DEPARTMENT OF HEALTH AND HUMAN SERVICES, SCHERING-PLOUGH CORPORATION, FRED HASSAN, Chief Executive Officer of Schering-Plough Corporation, *et al.*,

*Appellees*.[**]

---

[*] The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is respectfully directed to amend the official caption to conform to the caption as it appears above.

FOR APPELLANT: CATHERINE H. MEGNA, *pro se*, Bellmore, New York.

FOR APPELLEE FOOD AND DRUG ADMINISTRATION: VINCENT LIPARI, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Central Islip, New York.

FOR APPELLEES SCHERING-PLOUGH and FRED HASSAN: LAWRENCE J. REINA and Adam M. Masin, Reed Smith LLP, New York New York, and Shannon E. McClure, Reed Smith, LLP, Philadelphia, Pennsylvania.

Appeal from the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED** and plaintiff's motion for leave to amend her pleadings is **DENIED.**

Plaintiff appeals from the judgment of the United States District Court for the Eastern District of New York (Bianco, J.), granting the Schering-Plough defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), granting the Food and Drug Administration's ("FDA") motion to dismiss pursuant to

2

Federal Rule of Civil Procedure 12(b)(1), and declining to exercise supplemental jurisdiction over plaintiff's state law claims.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In considering the motion pursuant to Rule 12(b)(6) to dismiss for failure to state a claim, the district court properly assumed the facts alleged by plaintiff to be true and gave plaintiff's complaint its most liberal construction, reading it "to raise its strongest" possible arguments and claims.  *Megna v. Food & Drug Admin.*, No. 08 Civ. 1435 (JFB) (WDW), 2009 WL 749900, at *2, *4 (E.D.N.Y. Mar. 17, 2009).

Upon a *de novo* review of the record, *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), we conclude that the district court properly determined that no claim pursuant to 42 U.S.C. § 1983 can exist against the Schering-Plough defendants because they are not state actors and did not act in concert with state actors.  *See Tancredi*

---

[1] As a general matter, "[a] person who has not been admitted to the practice of law may not represent anybody other than himself."  *Guest v. Hansen*, — F.3d —, No. 08-4642, 2010 WL 1541582, at *4 (2d Cir. Apr. 20, 2010).  However, as the "administrator and sole beneficiary" of her sister's estate, which has "no creditors," plaintiff "may appear *pro se* on behalf of" her sister's estate.  *Id.* at *5.

3

*v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004). In addition, the district court correctly held that the actions of the Schering-Plough defendants cannot give rise to a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

With respect to the FDA, the district court construed plaintiff's complaint to assert a claim under the Federal Tort Claims Act ("FTCA"), finding that "any other constitutional tort claim . . . under any other theory of liability . . . is barred by the doctrine of sovereign immunity." *Megna*, 2009 WL 749900, at *8 n.11. The district court dismissed plaintiff's claim against the FDA for failure to exhaust administrative remedies as required by the FTCA. *Id.* at *9. We agree with the district court that, to the extent that the claim is that the FDA committed a tort against Megna, any such claim is governed by the FTCA and plaintiff failed to exhaust her claims under that statute. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

As the district court properly dismissed plaintiff's federal claims, we cannot say that dismissal of plaintiff's state law claims was an abuse of discretion. *See Kolari v.*

4

*N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

Finally, we decline to exercise our discretion to consider plaintiff's claims raised for the first time on appeal, and deny her motion to amend her pleadings. *See Virgilio v. City of N.Y.*, 407 F.3d 105, 118 (2d Cir. 2005).

We have considered all of plaintiff's claims that are properly before us and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED** and plaintiff's motion to amend her pleadings in this matter is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk