165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hector R. FIGUEROA, Jr., Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 98-1852.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1998*.
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 97 C 838. Charles N. Clevert, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Hector Figueroa, Jr., sued the United States Postal Service and four Postal Service employees asserting destruction of property, products liability, and defamation claims. Pursuant to the Westfall Act, 28 U.S.C. § 2679(b)(1), the United States moved to substitute itself for the individual employees. The district court granted the motion and then granted the United States's motion to dismiss for lack of subject matter jurisdiction. On appeal, Figueroa challenges the substitution of the United States for the individual defendants and the dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). We affirm.
 
 
 2
 As an initial matter, we address the appellee's motion to strike several exhibits included in Figueroa's appellate brief, which were not filed in the district court. The exhibits are not relevant to the issues on appeal, and Figueroa may not introduce new evidence at the appellate level. See Fed. R.App. P. 10(a); Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co., 833 F.2d 633, 636 (7th Cir.1987). The motion to strike is granted.
 
 
 3
 Because the district court dismissed his complaint pursuant to Rule 12(b)(1), we accept as true all well-pleaded factual allegations in Figueroa's complaint and construe them in the light most favorable to him. United Transp. Union v. Gateway W. Ry. Co., 78 F.3d 1208, 1210 (7th Cir.1996). Figueroa asserted claims against Michael Gozdiewski, his letter carrier; Vicki Boston, a branch manager; Cal Comfort, a postal inspector; and Kenneth Plumber, a customer relations coordinator. Figueroa claims that an overnight mail package was delivered a day late and with a broken seal. According to Figueroa, Gozdiewski untruthfully informed him that the package had gotten wet and that Gozdiewski had let it sit out it to dry. Figueroa also alleges that a pre-paid certified mail package was not delivered to him but was returned to the sender. When he attempted to complain about his mail service, says Figueroa, Comfort and Plumber were rude to him and disseminated false, defamatory information regarding his complaints.
 
 
 4
 In connection with the motion to substitute the United States as defendant, the United States Attorney for the Eastern District of Wisconsin certified under 28 U.S.C. § 2679(d)(1) that the individual defendants were federal employees acting within the scope of employment during the incidents in question. After the individual employees were dismissed and the United States was substituted as defendant, the case fell under the governance of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). The United States then moved for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) on the grounds that Figueroa had not exhausted his administrative remedies and that the FTCA specifically does not apply to claims arising out of the loss or miscarriage of mail as well as defamation claims. See 28 U.S.C. § 2680(b), (h).
 
 
 5
 The district court found that the individual Postal Service employees were acting within the scope of their employment at the time of the complained-of incidents, that Figueroa had failed to file an administrative complaint, and that his claims specifically were unavailable under the FTCA. We review de novo the district court's grant of the motion for substitution and the motion to dismiss for lack of subject matter jurisdiction. Taboas v. Mlynczak, 149 F.3d 576, 581 (7th Cir.1998).
 
 
 6
 Although a plaintiff may challenge the substitution of the United States as the sole defendant, Gutierrez, 515 U.S. at 434, the plaintiff bears the burden of showing that the local U.S. Attorney's scope-of-employment certification was erroneous, Taboas, 149 F.3d at 582. Whether the individual employees' actions were within the scope of their employment is determined under state law. Id. Wisconsin courts rely on the Restatement (Second) of Agency, § 228 (1958), in determining the scope of employment. Olson v. Connerly, 156 Wis.2d 488, 457 N.W.2d 479, 483 (Wis.1990). An employee's action is within the scope of employment if "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master." Id. at 483 n. 10 (quoting Restatement § 228).
 
 
 7
 Applying criteria relied upon by Wisconsin state courts, we conclude that the district court did not err in determining that the individual employees' actions were within the scope of their employment. As the district court found, the individual employees had access to Figueroa's mail because of their positions at the Postal Service. Figueroa's allegations that the mail was mishandled by Gozdiewski and Boston does not take the employees' actions outside the scope of their employment. Similarly, Comfort and Plumber were acting within the scope of their employment when they responded to Figueroa's complaints and to a letter from Senator Herbert Kohl, who inquired about the situation at Figueroa's request. The scope of employment includes "those acts which are 'so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment." ' Cameron v. City of Milwaukee, 102 Wis.2d 448, 307 N.W.2d 164, 168-69 (Wis.1981) (quoting William L. Prosser, Law of Torts, § 70, at 460-61 (4th ed.1971)). Figueroa also has not demonstrated that the individual employees acted with a purpose other than serving the Postal Service when they handled his mail and responded to his complaints regarding his mail service. Olson, 457 N.W.2d at 484. Because Figueroa has failed to meet his burden of demonstrating that the scope-of-employment certification was erroneous, we affirm the substitution of the United States as defendant. See Taboas, 149 F.3d at 583.
 
 
 8
 Further, the district court did not err in dismissing the action for lack of subject matter jurisdiction. Figueroa failed to file an administrative claim with the Postal Service. For the first time in his reply brief, Figueroa asserts that he was not informed previously of the need to file an administrative claim. Figueroa advises that, after the dismissal, he filed an administrative claim, which was denied on April 22, 1998. However, the exhaustion of administrative remedies is a jurisdictional prerequisite under the FTCA. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); Kanar v. United States, 118 F.3d 527, 528 (7th Cir.1997). Because Figueroa failed to exhaust his administrative remedies prior to bringing the underlying action, the district court properly determined that it lacked subject matter jurisdiction over Figueroa's claims under the FTCA. In any event, the FTCA would not encompass Figueroa's claims. Section 2680(b) expressly does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Figueroa's first two claims of destruction of property and products liability arise out of an alleged miscarriage or negligent transmission of his two packages. Figueroa's third claim for defamation is precluded by § 2680(h), which states that the FTCA does not apply to any claim arising out of libel or slander. See Jimenez-Nieves v. United States, 682 F.2d 1 (1st Cir.1982) (the exception covers all claims of defamation). Because the FTCA does not apply to any of Figueroa's claims, sovereign immunity shields the United States from suit. Gutierrez, 515 U.S. at 420.
 
 
 9
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)