**Mary F. BELL, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General of the Unites States Postal Service, Defendant–Appellee.**

No. 02–1237.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2002.*

Decided Nov. 21, 2002.

---

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

ORDER

Mary Bell sued her employer, the United States Postal Service, under Title VII of the Civil Rights Act of 1964, alleging that the Postal Service discriminated against her on account of her race and sex and retaliated against her because of her past discrimination complaints. The Postal Service moved for summary judgment, and after striking Bell's response, the district court granted the motion. Bell appeals, and we affirm.

Bell, who is African–American, began working for the Postal Service in 1984 as a clerk at the Rockford, Illinois, processing and distribution center. In 1987 and again in 1990, Bell filed informal complaints charging that postal officials, including the "plant manager" of the Rockford facility, would not promote her because of her race. Then after Bell transferred to a processing and distribution center in Memphis, Tennessee, she initiated a lawsuit complaining about the discrimination. Bell and the Postal Service agreed to settle the case in 1997, and as part of that agreement Bell was promoted to supervisor and transferred to a processing and distribution center in Palatine, Illinois.

But Bell did not move to Palatine. Instead she returned to Rockford, and seeking to eliminate her lengthy commute between the two cities, Bell began applying for postal positions in her home town–without success. So after exhausting her administrative remedies, Bell brought this action in January 2000, complaining that the Postal Service had refused to transfer

submitted on the briefs and the record. *See*    Fed. R.App. P. 34(a)(2).

her to thirteen different positions in Rockford because of her race and sex and because of the earlier lawsuit that she filed.

■ The Postal Service moved for summary judgment and also moved to strike Bell's response to its motion because the response did not comply with Northern District of Illinois Local Rule 56.1. The district court agreed, observing that Bell had not filed a memorandum of law and that her response to the Postal Service's statement of facts contained argument, advanced legal conclusions, omitted record citations, inaccurately characterized the record, and generally consisted of "long rambling narratives" rather than the concise responses required by the rule. The court then granted summary judgment based upon the Postal Service's statement of undisputed facts.

On appeal Bell first argues that it was improper to strike her response. District courts have discretion, however, to enforce their local rules (and to excuse transgressions), *e.g.*, *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995), and the Supreme Court has made clear that in ordinary civil litigation even pro se litigants must follow procedural rules, *see McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Given the quality of Bell's response and the fact-intensive nature of employment discrimination cases, the district court did not act outside its discretion here. *See, e.g., Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir.2001).

■ Because the district court struck Bell's response, we take the facts as the Postal Service presented them. *See Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 870–71 (7th Cir.2000). In the district court Bell did not present evidence of intentional discrimination or retaliation. She instead proceeded under the approach established in *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). With respect to her discrimination claim, the Postal Service does not argue on appeal that Bell failed to establish a prima facie case, so we focus on whether Bell demonstrated a material dispute about the legitimacy of the reasons given for rejecting her applications. *See Jordan v. Summers*, 205 F.3d 337, 342–43 (7th Cir.2000). The Postal Service's reasons depend on how Bell applied for the jobs. For positions that Bell applied for "competitively," that is by agreeing to compete with other applicants for an open spot, Bell did not receive an offer because in each case the job went to a better qualified candidate. For those positions that Bell applied for "noncompetitively," where she refused to compete with other applicants, she was rejected twice by the plant manager because he never hires noncompetitive applicants and once by the Rockford postmaster because no positions were available when Bell applied.

Nothing in Bell's submissions suggests that these reasons are false. With respect to her competitive applications, Bell does not argue that she had better qualifications than any of the successful applicants; indeed, in her appellate brief Bell does not even identify the other competitive candidates or discuss their qualifications in relation to her own. Likewise, with respect to her noncompetitive applications, Bell points to no evidence that the plant manager actually did not have a policy to reject noncompetitive applications or that he ever approved a noncompetitive transfer. And Bell similarly has not shown that a position in fact existed when the postmaster told her that no position was available.

Bell's appellate brief covers a number of other topics, but she never grapples with the basis for the Postal Service's summary judgment motion. For example, Bell contends that the plant manager violated op-

erating procedures by refusing ever to consider noncompetitive applications and by failing to forward her noncompetitive applications for competitive consideration. Yet even if the plant manager did violate internal procedures–and the materials cited by Bell do not show that he did–that does not cast doubt on the honesty of his explanation. *See O'Connor v. DePaul Univ.*, 123 F.3d 665, 670 (7th Cir.1997). Bell also observes that the postmaster, unlike the plant manager, in the past had granted noncompetitive transfers to several white employees. That observation likewise adds nothing, however, because it is assumed as part of Bell's prima facie case that she was treated unequally. *See Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 557 (7th Cir.2001). And in any event, Bell's point does not suggest that the postmaster lied when he said that no positions were available at the time that she applied.

Bell makes other arguments as well. She discusses what she perceives as inaccuracies in the affidavits filed by the plant manager and postmaster, working conditions at Rockford post offices, and the number of female African–American supervisors recently employed in Rockford (zero). But these points are all equally irrelevant to the pretext question, and it is unnecessary to discuss them. Because Bell has not raised a genuine issue whether the legitimate reasons for rejecting her applications were untrue, the district court properly granted summary judgment on her discrimination and retaliation claims.

AFFIRMED.