*193 ORDER GRANTING TRIBE’S MOTION TO DISMISS
KATHARINE ENGLISH, Judge.
A. BACKGROUND; INTRODUCTION
Petitioner, a former Human Resources Manager for the Tribe, has appealed under the Employment Action Review Ordinance from the termination of his employment. He contends that the decision to terminate him was impermissibly based on political pressure and his age, that he was not given adequate notice or sufficient due process, and that the decision was arbitrary and capricious.
The Tribe has moved to dismiss on the basis that Petitioner failed to pursue and exhaust his administrative remedies under the Ordinance. In response, Petitioner does not contend that he exhausted administrative remedies; instead he contends that his failure to have done so should be excused because it would have been futile for him to have pursued those remedies. A claim of futility does not excuse the failure to have complied with a statutorily-mandated exhaustion requirement. As explained below, the Court grants the Tribe’s Motion to Dismiss.
B. DISCUSSION
This is a case in which the Court cannot reach, nor decide, the merits of Petitioner’s claims. The Employment Action Review Ordinance requires that administrative remedies be exhausted as a prerequisite to judicial review. Under the Ordinance, this Court can review only “final employment decisions.” Tribal Code § 255.5(d)(1). An employee has not received a final employment decision “until and unless [he/she] has exhausted available [Tribal administrative] review procedures.” Tribal Code § 255.5(b)(6). Petitioner did not pursue those remedies or invoke those procedures. It follows that the Tribe’s Motion to Dismiss must be granted unless some form of “futility” exception applies here, as Petitioner contends it does.
But when exhaustion requirements are imposed by Statute (or by Ordinance) they “are mandatory, and courts are not free to dispense with them.” Bastek v. Federal Crop Ins. Corp., 145 F.3d 90, 94 (2d Cir.1998)., “Faced with unambiguous statutory language requiring exhaustion of administrative remedies, ‘[courts] are not free to rewrite the statutory text.’ ” Id., quoting McNeil v. United *194 States, 508 U.S. 106, 111, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Indeed, with respect to statutory, as opposed to court-created, exhaustion requirements a “failure to exhaust deprives [a] court of jurisdiction.” Information Resources, Inc. v. United States, 950 F.2d 1122, 1126 (5th Cir.1992) (citation omitted). This Court cannot ignore or override the express, unambiguous exhaustion requirement set out in the Employment Action Review Ordinance. Petitioner has not exhausted his remedies granted by the Ordinance. His “futility” claim is unavailing. It therefore follows that the Tribe’s Motion to Dismiss must be granted.
C. CONCLUSION
For the reasons given above, the Court grants the Tribe’s Motion to Dismiss.