**Eugene CARTER, Appellant,**

v.

**K. MCKAIN, U.S. Solicitor General's Office, Appellee.**

No. 03–5248.

United States Court of Appeals, District of Columbia Circuit.

April 15, 2004.

Rehearing Denied June 9, 2004.

Eugene Carter, Pensacola, FL, pro se.

Before GINSBURG, Chief Judge, and EDWARDS and RANDOLPH, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed August 4, 2003, be affirmed. The district court properly dismissed the complaint without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). While the complaint states that it is brought under the Freedom of Information Act, the district court correctly determined the complaint failed to state a claim under the statute because appellant has not alleged he submitted a request for records to a federal agency or what records he is seeking. *See* 5 U.S.C. § 552. To the extent the complaint presents a claim seeking money damages for "mental and physical trauma, mental anguish" and negligence under the Federal Tort Claims Act (FTCA), the claim was properly dismissed because appellant has not alleged that before filing suit in district court, he first presented a claim in writing to the federal agency that allegedly caused the injury within two years after the claim accrued. *See* 28 U.S.C. §§ 2401(b), 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (FTCA requires exhaustion of administrative remedies before suit may be filed).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.