**FILED**

SEP 2 0 2010

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES ARTHUR LEWIS, JR.,          :

        Plaintiff,          :

        v.          :          Civil Action No.   10- 1585

ATTORNEY GENERAL – U.S.A., *et al.*,   :

        Defendants.          :

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff alleges that, while incarcerated at a federal correctional institution, he was prescribed medication to treat mental disorders, and that the side effects of the medication include sleep disorders, cramps, weakness, and joint pain. *See* Compl. at 1-2. It appears that plaintiff brings this action in order to obtain compensatory damages for injuries caused by the medication, *see id.* at 2, and that plaintiff's sole means of recovery comes under the Federal Tort Claims Act ("FCTA"), *see* 28 U.S.C. § 1346(b)(1).

The FTCA provides that the "United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). It requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) (requiring claimant to present claim "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . to the appropriate Federal agency" from which written notice of the denial of the claim has been forwarded to the

claimant before a suit may be filed). It does not appear that plaintiff has exhausted of his administrative remedies by having presented his claim first to the appropriate agency and, absent exhaustion, this Court lacks subject matter jurisdiction. *See McNeil*, 508 U.S. at 113.

The Court will dismiss this action for lack of subject matter jurisdiction. An Order is issued separately.

United States District Judge

DATE: August 31, 2010