**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3733
_____

JOSE PEREZ-BARRON,
                    Appellant

v.

UNITED STATES; FBOP; REGIONAL DIRECTOR OF FBOP;
MR. P. JUSTEN, SSIM/BOP; CORNELL COMPANIES, INC.;
MVCC WARDEN,MICHAEL ZENK;
MARIA DAWSON;DR.CONRADA AGRA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-09-cv-00173)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2012
Before:  FUENTES, GREENAWAY, JR. AND GREENBERG, Circuit Judges

(Opinion filed: April 20, 2012)
_____

OPINION
_____

PER CURIAM

        Jose Perez-Barron appeals pro se from a District Court judgment in favor of the

defendants in his civil rights action.  For the reasons that follow, we will affirm the

District Court's judgment.

I.      Background

Jose Perez-Barron is a federal prisoner confined at the Moshannon Valley

Correctional Center ("MVCC"), a private correctional facility in Pennsylvania, owned

and operated by Cornell Companies, Inc.  In April 2009, Perez-Barron filed a complaint

against employees of MVCC, the United States of America, the Federal Bureau of

Prisons ("FBOP"), employees of FBOP, and Cornell Companies, Inc.  In his complaint,

Perez-Barron asserted that defendants denied him proper medical care, which the District

Court interpreted as alleging violations of the Eighth Amendment under Bivens[1] and the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq.[2]

In November 2006, prior to his arrest and conviction, Perez-Barron suffered an

accident, in which he lost one-quarter of his skull.  He claimed that his general doctor

recommended that he might need reconstructive surgery.  Perez-Barron stated that the

_____

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Although Perez-Barron's complaint states that his claim of the denial of proper medical care is a violation of his Fourteenth Amendment due process right, the District Court "look[ed] behind the label" given by the pro se inmate and determined that the allegations in the complaint should be construed as claims asserting a violation of the Eighth Amendment and FTCA.  See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999).

Government was notified of his medical condition at sentencing, and that he informed MVCC staff about his medical condition upon his arrival at MVCC in October 2008.

While at MVCC, Perez-Barron stated that he complained of headaches, constant severe pain, blurred vision, difficulty speaking, difficulty in moving his arm and legs, and abnormal sleep. He was prescribed naproxyn and Motrin, which he stated provided relief for only short periods of time.

In November 2008, Perez-Barron filed an inmate informal resolution form, addressed to Michael Zenk, Warden of MVCC, and P. Justen, requesting better medical attention because his medical condition had deteriorated. The Medical Administrator responded, informing Perez-Barron that his medical condition had been properly treated. Perez-Barron then filed a formal administrative remedy form, explaining his symptoms, stating that he needs reconstructive surgery, and requesting proper medical care. Zenk responded, informing Perez-Barron that he had been examined by medical staff, his headaches are the result of a chronic skull injury from a traumatic event, he should purchase Motrin from the commissary for his pain, and he would be issued Motrin if he became indigent. Perez-Barron filed an appeal, which was denied because administrative review of his medical concerns and pertinent clinical data indicated that he had received and continued to receive appropriate medical care.

Perez-Barron then filed suit in the District Court against Warden Zenk; Dr. Agra, a medical doctor at MVCC; Ms. Dawson, Administrative Medical Director; Justen; the United States of America; FBOP; FBOP Regional Director; FBOP General Counsel

Director; and Cornell Companies, Inc. He alleged that defendants denied him proper medical care, claiming that they failed to implement adequate medical treatment, such as transferring him to a FBOP medical facility where adequate care would be provided; failed to comply with advice given by his general doctor, who recommended that Perez-Barron might need reconstructive surgery; and failed to examine his skull. He alleged that as a result of defendants' deliberate indifference, he has suffered and continues to suffer from prolonged and extreme pain, such as frequent headaches, nightmares, sleep disorder, pupils not reacting to light, blurred vision, and weak joints. He also claimed that his condition has been further complicated with likely nerve damage and inability to move joints.

Cornell Companies, Inc., Agra, Dawson, and Zenk ("Cornell defendants") filed a motion to dismiss, and Justen, United States of America, FBOP, FBOP Regional Director, and FBOP General Counsel Director ("federal defendants") filed a motion to dismiss or, in the alternative, for summary judgment. The District Court adopted the Magistrate Judge's report and recommendation to grant the defendants' motions.[3] Perez-Barron filed a timely appeal. In his reply brief, Perez-Barron asks the Court to appoint counsel to represent him.

---

[3] The District Court converted the federal defendants' motion to dismiss or, in the alternative, for summary judgment, to a motion for summary judgment. The Magistrate Judge's report and recommendation placed Perez-Barron on notice that the Court was considering the motion as a motion for summary judgment and Perez-Barron did not object to the federal defendants' submission of an affidavit to support their motion. See Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996).

4

II.     Discussion

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's dismissal for failure to state a claim, as well as its grant of summary judgment, is plenary.  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

A.     Cornell Defendants

Perez-Barron raised Eighth Amendment claims under Bivens against Cornell Companies Inc., a private corporation that owns and operates MVCC, and its employees, Agra, Dawson, and Zenk.  Bivens actions, however, may not be brought against private corporations.  See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 63 (2001) (holding no action lies under Bivens against a private corporation operating a halfway house under a contract with the Bureau of Prisons).  Additionally, the Supreme Court recently refused to imply the existence of a Bivens action where "a federal prisoner seeks damages from privately employed personnel working at a private operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here)."  Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617, 626 (2012).  Accordingly, the District Court properly granted the Cornell defendants' motion to dismiss, as Perez-Barron's complaint failed to allege facts that stated a plausible claim to relief against the Cornell defendants.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

5

B.     Federal Defendants

Perez-Barron also raised Eighth Amendment claims under Bivens against the United States, FBOP, and FBOP employees.  He alleged that the federal defendants are liable because they are responsible for all facets of the prison, including the delivery of medical care to inmates.  The United States, FBOP, and the individual FBOP employees in their official capacity, however, are barred from suit by the doctrine of sovereign immunity.  See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Chinchello v. Fenton, 805 F.2d 126, 130 n.4 (3d Cir. 1986).  Additionally, Perez-Barron's Bivens claims against the FBOP employees in their individual capacities fail.  Perez-Barron did not allege or present evidence that the FBOP employees had any personal involvement in the denial of his medical care, and a Bivens claim cannot be premised upon a theory of respondeat superior.  See Iqbal, 129 S. Ct. at 1948-49; Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Thus, the District Court properly granted the federal defendants' motion for summary judgment as to the Bivens claims.

The District Court also properly granted the federal defendants' motion for summary judgment as to the FTCA claim.  Under the FTCA, federal prisoners may recover damages from the United States for injury sustained during confinement as a result of the negligent or wrongful act or omission by any Government employee, acting within the scope of his employment, under circumstances where a private person would be liable under the law of the place where the act or omission occurred.  28 U.S.C. §§ 1346(b), 2674.  The FTCA delineates that a plaintiff may sue only the United States, and

cannot institute suit until he presents the claim to a federal agency and receives a final decision on the claim. See 28 U.S.C. §§ 1346(b), 2675(a); McNeil v. United States, 508 U.S. 106, 112 (1993). In their motion to dismiss or, in the alternative, for summary judgment, the federal defendants attached an affidavit of Vanessa Herbin-Smith, a FBOP supervisory paralegal, who stated that based on her review of the FBOP tort claim database, she determined that Perez-Barron had not filed any administrative tort claims. Perez-Barron did not contest this finding. Perez-Barron was therefore barred from bringing a FTCA claim in federal court because he did not exhaust his administrative remedies. See McNeil, 508 U.S. at 113.

For the foregoing reasons, we will affirm the District Court's judgment. Perez-Barron's request for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).