**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1619
_____

METROPOLITAN LIFE INSURANCE COMPANY

v.

ELAINE M. KALENEVITCH,
                                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-02108)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 10, 2012

Before:  CHAGARES, VANASKIE and BARRY, Circuit Judges

(Opinion filed : October 26, 2012)
_____

OPINION
_____

PER CURIAM.

Elaine M. Kalenevitch appeals from the District Court's order denying

reconsideration of its earlier order denying Kalenevitch's motion for sanctions.  For the

reasons that follow, we will affirm.

In 2010, Metropolitan Life Insurance Company ("MetLife") filed a complaint

seeking a declaratory judgment that would identify the party entitled to the remaining balance of proceeds (approximately $24,094.13) under an annuity contract. MetLife contends that it is required to pay those proceeds to the estate of Kalenevitch's deceased mother, and cannot pay them directly to Kalenevitch. MetLife sought a declaration requiring Kalenevitch to establish an estate for her mother or, alternatively, a declaration as to whom the remaining proceeds should be paid.

Kalenevitch, the sole defendant, appeared pro se and filed an answer to the complaint with counterclaims. She then filed a motion seeking, inter alia, both judgment on the pleadings and sanctions under Rule 11 of the Federal Rules of Civil Procedure. With regard to sanctions, Kalenevitch argued, in essence, that MetLife's decision to file this suit rather than pay her the remaining proceeds is sanctionable conduct. Docket # 28 at 7-9. MetLife filed a response opposing sanctions, arguing that Kalenevitch's motion should be denied because she failed to comply with the procedural requirements of Rule 11(c)(2), and because the request is without merit. Docket # 31-2 at 7-8.

On January 12, 2012, the District Court sua sponte dismissed MetLife's complaint for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") The Court explained that there is no federal question at issue and no basis to exercise diversity jurisdiction because the amount in controversy does not exceed the required minimum of $75,000. In light of the dismissal, the District Court denied Kalenevitch's pending motions, including her motion for sanctions, as "moot."

2

Kalenevitch timely moved for reconsideration of the denial of her motion for sanctions. She argued that sanctions are warranted because, inter alia, MetLife's counsel "undeniably failed to make jurisdictional and other inquiries reasonable under the circumstances." Docket # 36 at 1. In an accompanying brief, Kalenevitch reiterated her argument that MetLife violated her rights and should not have filed this suit in lieu of paying the remaining death proceeds to her. Docket # 37.

On February 3, 2012, the District Court denied reconsideration. It explained that Kalenevitch's "conclusory allegations fail to persuade the Court to not follow Rule 12(h)(3) of the Federal Rules of Civil Procedure, which requires this Court to dismiss an action upon determining that it lacks subject matter jurisdiction." Docket # 38 at 2. Kalenevitch timely filed this appeal from both the order denying her motion for sanctions and the order denying reconsideration.

We have appellate jurisdiction under 28 U.S.C. § 1291. "We review a district court's decision to grant or deny Rule 11 sanctions for abuse of discretion." Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 287 (3d Cir. 2010). Similarly, "we review only whether the District Court's denial of reconsideration constitutes an abuse of discretion." Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012).

After a review of the record, we will affirm the denial of Kalenevitch's sanctions motion, although we do so on grounds other than those relied upon by the District Court. See Ridley Sch. Dist. v. M.R., 680 F.3d 260, 282 (3d Cir. 2012) ("[W]e can affirm based

on any grounds supported by the record."). Kalenevitch, as mentioned, moved for sanctions essentially because she contends that MetLife and its counsel filed this suit in violation of Rule 11. Kalenevitch failed, however, to comply with Rule 11(c)(2), which requires that a sanctions motion be "made separately from any other motion," and that it be served but not "filed or . . . presented to the court if the challenged [action] is withdrawn or appropriately corrected within 21 days after service[.]" Fed. R. Civ. P. 11(c)(2). Kalenevitch did not present her sanctions motion separately from her motion for judgment on the pleadings, and she failed to serve the motion upon MetLife and wait twenty-one days before filing it. While MetLife objected to these procedural infirmities when it responded to the motion, Kalenevitch took no corrective action.

This Court has recognized that, "[i]f the twenty-one day period is not provided, the [Rule 11] motion must be denied." In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008); see also Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001) (reversing sanctions award where movant "did not follow the mandatory service procedure of Rule 11(c)[(2)]"); Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of [Rule 11] indicates that this notice and opportunity prior to filing is mandatory. Plaintiffs did not comply with this procedural prerequisite. Therefore, the sanction and payment of costs and attorneys' fees ordered by the district court cannot be upheld under Rule 11."); Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1328 (2d Cir. 1995) (reversing sanctions where party did not submit request separately and did not serve twenty-one days before filing). Here, Kalenevitch's sanctions request was plainly

4

subject to denial due to non-compliance with Rule 11(c)(2). Furthermore, because reconsideration of the sanctions motion was unwarranted given Kalenevitch's failure to comply with Rule 11(c)(2), her motion for reconsideration was properly denied, as well.[1]

Although this Court has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure," Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993), we are satisfied that faulting Kalenevitch for failure to comply with Rule 11(c)(2) is not inconsistent with this principle. We take judicial notice of the fact that Kalenevitch "is a trained attorney and Law School graduate." Kalenevitch v. Commw., Unemployment Comp. Bd. of Review, 109 Pa. Commw. 549, 551 (1987). Her non-compliance with Rule 11, therefore, cannot be attributed to being unlearned in the law. In addition, our Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). The

---

[1] The District Court's stated reason for denying the sanctions motion and for denying reconsideration – i.e., that the sanctions motion was "moot" in light of the dismissal of MetLife's complaint for lack of subject-matter jurisdiction – was in error. It is settled that a district court retains power to hear a sanctions motion after determining that it lacks jurisdiction over the case. Willy v. Coastal Corp., 503 U.S. 131, 139 (1992); see also Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000) ("Although the District Court relinquished jurisdiction over this case when it either dismissed or remanded all the claims before it, it still had jurisdiction to order sanctions."); In re Orthopedic "Bone Screw" Products Liab. Litig., 132 F.3d 152, 156 (3d Cir. 1997) ("[T]here is abundant authority permitting the imposition of sanctions in the absence of jurisdiction over a case."). As explained in the text, however, in light of Kalenevitch's failure to comply with Rule 11(c)(2), the District Court reached the correct result by denying the Rule 11 motion and the reconsideration motion.

5

procedural steps mandated by Rule 11(c)(2) are not mere technical rules, but rather serve the substantial function of "giv[ing] the offending party a 'safe harbor' within which to withdraw or correct the offending pleading." Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chicago, 649 F.3d 539, 552 (7th Cir. 2011). In light of these considerations, Kalenevitch's failure to comply with Rule 11(c)(2) cannot be excused.

For these reasons, we will affirm the District Court's orders denying the motion for sanctions and denying reconsideration.