**David M. YOUNG, Appellant**

v.

**FEDERAL BUREAU OF PRISONS,**
**et al., Appellees.**

No. 12–5394.

United States Court of Appeals,
District of Columbia Circuit.

June 14, 2013.

David M. Young, Forrest City, AR, pro se.

Warden, Forrest City, AR, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: HENDERSON,
GRIFFITH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 20, 2012, be affirmed. The district properly dismissed appellant's Federal Tort Claims Act claims for lack of subject matter jurisdiction because (1) the United States has not waived sovereign immunity relative to appellant's constitutional tort claims, *see* *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), and (2) appellant did not exhaust his administrative remedies relative to his non-constitutional intentional tort claims. *See McNeil v. U.S.,* 508 U.S. 106, 111–12, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *see also* 28 U.S.C. § 2675(a) (if the agency fails to make a final disposition of a tort claim against the United States for money damages, within six months after the claim is filed, the claim may be deemed a final denial for purposes of exhaustion). Appellant filed his district court complaint roughly sixty days after filing his claim with the agency because he had not received a response; because he did not give the agency six months to respond, appellant failed to exhaust.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.