FILED
United States Court of Appeals
Tenth Circuit

November 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRADLEY KREBS,

     Plaintiff - Appellant,

v.

JUDITH WILLIAMS,

     Defendant - Appellee.

No. 16-3096
(D.C. No. 5:16-CV-03031-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Bradley Krebs appeals the district court's dismissal of his complaint as frivolous under 28 U.S.C. §§ 1915A. Krebs filed suit against his mother, alleging that she failed to "care for [his] legal matters" and to support him during his incarceration as they had agreed. R. vol. 1 at 5. In his complaint, Krebs alleges that he and his mother are Kansas citizens, and that his mother caused him $14,000 in damages.

A few months after filing his complaint, Krebs filed a Motion to Temporarily Set Aside or Possibly Dismiss Case. There, Krebs asserted that he was "once again

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on good terms" with his mother and wished to avoid offending her with his lawsuit. Krebs asked the district court to stay his case indefinitely or alternatively to dismiss his case without notifying his mother. *Id.* at 23.

A few days later, the district court granted Krebs's wish and dismissed his case as frivolous. The district court construed Krebs's complaint broadly as a claim under 42 U.S.C. § 1983 and determined that because his mother was not a state actor, his complaint was frivolous. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

On appeal, Krebs argues that the district court erred because "[t]he District Court should not have recognized this suit as a 'section 1983' suit." Appellant's Opening Br. at 3. Krebs claims that "[t]his case was clearly and evidently one against a civilian over a personal matter pertaining to belongings and contractual agreements rather than one against government entities." *Id.* Krebs argues that rather than dismissing his case, the district court should have temporarily set aside the case.

Because Krebs appears pro se, we afford his pleadings liberal construction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But his pro se status does not excuse his obligation to comply with the requirements of substantive law. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

We conclude that the district court lacked subject-matter jurisdiction to dismiss Krebs' complaint. A federal court has diversity jurisdiction under 28 U.S.C.

2

§ 1332(a) to entertain state-law contract claims only when "each defendant is a citizen of a different State from each plaintiff" and the amount in controversy exceeds $75,000. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978); *see* 28 U.S.C. § 1332(a)(1). Krebs's complaint fails to satisfy these requirements. First, he alleges that he and his mother are citizens of Kansas. Second, he alleges the amount in controversy is $14,000. And Krebs has disavowed asserting a claim under 42 U.S.C. § 1983. So Krebs has no claim supporting federal-question jurisdiction. *See* 28 U.S.C. § 1331. Thus, the district court lacked subject-matter jurisdiction over Krebs's case and properly dismissed his Complaint.

Because the district court lacked jurisdiction, we remand this case to the district court with instructions to dismiss Krebs' complaint without prejudice. Krebs's Motion for leave to proceed without prepayment of costs of fees is denied. Krebs is ordered to immediately pay any unpaid balances.

Entered for the Court

Gregory A. Phillips
Circuit Judge

3