[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15062
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-00094-JRH-BKE

RONALD A. NURSE,

                                                Plaintiff - Appellant,

versus

TELEPERFORMANCE INC.,
VERONICA WEST,
TRACEE JOHNSON,

                                                Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 20, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Nurse, proceeding *pro se*, sued his former employer, Teleperformance, Inc., and two former coworkers, Veronica West and Tracee Johnson. The district court liberally construed his amended complaint as asserting claims under Title VII, 42 U.S.C. § 2000e-2(a), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and dismissed it for failing to state a *prima facie* case of sex-based disparate treatment, sexual harassment, or age discrimination.

Mr. Nurse now appeals that dismissal. His initial brief has several critical shortcomings. First, it raises new legal claims, ranging from common-law torts to violations of the Eighth Amendment's prohibition against cruel and unusual punishment. Mr. Nurse's *pro se* status does not entitle him to unbounded procedural latitude, *see McNeil v. United States*, 508 U.S. 106, 113 (1993), and so, we refuse to consider claims not raised in the amended complaint, which is the operative pleading in this case. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1274 (11th Cir. 2016). Our review, therefore, is limited to Mr. Nurse's sex and age discrimination claims under Title VII and the ADEA.

As to those claims, the brief runs into a second problem—it relies on allegations not found in the amended complaint. Although Mr. Nurse's initial brief provides details depicting Ms. West and Ms. Johnson as misandrist Bond-esque

2

saboteurs, *see* Br. of Appellant at viii & IX, his amended complaint asserts, almost exclusively, generalizations, labels, and legal conclusions, *see* D.E. 5 at 3 (accusing the defendants of misandry and a yearlong campaign of "neglect, abuse, discriminat[ion], and mistreat[ment]").    Such conclusory allegations cannot withstand a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The few facts that Mr. Nurse did allege in the amended complaint fail to state a *prima face* case of sex or age discrimination.  Disparate treatment and harassment claims under both Title VII and the ADEA require a plaintiff to demonstrate that he or she suffered discrimination "because of" a protected classification.  *See* § 2000e-2(a); § 623(a)(1).  Causation, in other words, is an element of the claim.  *See, e.g.*, *Ricci v. DeStefano*, 557 U.S. 557, 576 (2009) (Title VII); *Young v. Gen. Foods Corp.*, 840 F.2d 825, 828 (11th Cir. 1988) (ADEA).

The factual allegations, even when viewed favorably, at most establish that Mr. Nurse was the subject of questionable conduct, but not that he was targeted because of his sex or age.  For instance, he alleged that the defendants, in concert,[1] leveled false accusations against him and then used those falsehoods to fire him. *See* D.E. 5 at 2–3.  This says nothing about the defendants' motivation.  The closest Mr. Nurse gets to stating a circumstantial case of discrimination is his

---

[1] Or, as Mr. Nurse artfully put it, "forming Voltron."  *See Voltron: Defender of the Universe* (World Events Production & Toei Animation 1984).

3

allegation that, after certain machines at work malfunctioned on every employee, "only [he was] written up" and not the other employees, some of whom were females. *Id.* at 2. But with no context, such circumstantial evidence does not state a plausible claim of discrimination. *See, e.g.*, *Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).

**AFFIRMED.**