**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN JAMES STROTHER, Sgt., California Army National Guard, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DAVID S. BALDWIN, Adjutant General, State of California National Guard; MIKE MCCORD, Pentagon Comptroller; DEFENSE FINANCE AND ACCOUNTING SERVICES; UNITED STATES DEPARTMENT OF DEFENSE, <br><br> Defendants-Appellees. | No. 18-15244 <br><br> D.C. No. 2:16-cv-00255-TLN-CKD <br><br> **MEMORANDUM**\* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted May 13, 2019
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

In 2007, a recruiter promised Sergeant Bryan Strother a bonus and student

loan repayment if he reenlisted in the California Army National Guard ("CA

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ARNG"). Strother reenlisted, received the bonus and part of the loan repayment, and was deployed to Iraq. Years later, the military determined that Strother was not entitled to his reenlistment incentives and began "recouping" them from his pay. Roughly 1,400 other CA ARNG members were subject to similar recoupment efforts. An additional 16,000 members were potentially subject to such efforts.

In February 2016, Strother filed a class action complaint against the Adjutant[1] General of CA ARNG (David Baldwin) and the Pentagon Comptroller (Michael McCord) (collectively "Defendants"), in their official and individual capacities. The complaint sought injunctive, declaratory, and monetary relief based on five claims: (I) "failure to train" pursuant to 42 U.S.C. § 1983; (II) "breach/impairment of contracts"; (III) "intentional misrepresentation"; (IV) "deceit or intentional fraud"; and (V) "concealment fraud."

After Strother filed his complaint, Congress passed legislation that resulted in the military ceasing its recoupment efforts and returning all previously recouped funds to Strother and most other CA ARNG members.

Defendants moved to dismiss the action. The district court found that none of Strother's claims were moot but dismissed each claim on other grounds, as

---

[1] Some filings incorrectly state that Baldwin's title is "Adjunct General." His proper title is "Adjutant General."

described below. The district court dismissed Strother's complaint with leave to amend all but the contract claim (Claim II). Strother chose not to amend the complaint and the district court entered final judgment for Defendants. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## A. Mootness

The district court found that none of Strother's causes of action is moot because there are possible nominal damages under Counts I and II and possible damages beyond the return of the recouped money under Counts III-V. We agree. Even nominal damages suffice to prevent dismissal for mootness. *See Jacobs v. Clark Cty. Sch. Dist.*, 526 F.3d 419, 425-26 (9th Cir. 2008).

## B. Claim I

"The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion). On appeal, Strother argues that his § 1983 claim (Claim I) alleges a due process violation of CA ARNG members' contractual right to the bonuses described in their reenlistment agreements. The district court found that Claim I does not clearly allege such a due process violation, and that even if it did, Strother's § 1983 claim would fail as a matter of law. We agree. Strother has failed to identify a constitutional right to which his § 1983 claim could attach

3

because, as we discuss further in relation to Claim II, soldiers do not have a contractual right to their reenlistment bonuses.

## C.  Claim II

Claim II alleges that Defendants breached their contractual obligations to CA ARNG members "by illegally recouping monies."  The district court properly dismissed this claim under Rule 12(b)(6).

In *Bell v. United States*, 366 U.S. 393 (1961), the Supreme Court held that "common-law rules governing private contracts have no place in the area of military pay." *Id*. at 401.  The Supreme Court applied this principle to military bonuses in *United States v. Larionoff*, 431 U.S. 864 (1977).  Larionoff represented a class of U.S. Navy members seeking payment of reenlistment bonuses under the Variable Re-Enlistment Bonus ("VRB") program as it existed at the time they reenlisted. *Id*. at 865.  The Court held that Larionoff and the class were entitled to the bonuses.  The Court based its holding solely on the statutes and regulations governing the VRB program.  The Court did not hold that class members had a contractual right to their bonuses.  In fact, the Court reaffirmed that "a soldier's entitlement to pay is dependent upon statutory right." *Id*. at 869 (quoting *Bell*, 366 U.S. at 401).  As Strother confirmed at oral argument, he does not claim that his bonus was authorized by statute.  Oral Argument at 10:59, *Strother v. Baldwin*, No.

4

18-15244 (9th Cir. May 13, 2019). His contract claim (Claim II) was thus properly dismissed with prejudice under *Bell* and *Larionoff*.

## D. Claims III-V

Strother's remaining three claims sound in fraud. To the extent that Strother brings Claims III-V against Defendants in their official capacities, he must identify an applicable waiver of sovereign immunity. The Federal Torts Claim Act ("FTCA") is the only relevant waiver and it does not apply because Strother has not satisfied the FTCA's administrative exhaustion requirement. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

To the extent Strother brings Claims III-V against Defendants in their personal capacities, he must plead those claims with particularity under Federal Rule of Civil Procedure 9(b). Strother conceded at oral argument that he did not plead his claims with particularity with regard to Defendants Baldwin and McCord. Oral Argument at 11:54.

**AFFIRMED**.