NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted August 15, 2013*
Decided August 16, 2013

### Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1887

MARTINS OCHOLI,
    *Plaintiff-Appellant*,

    *v.*

WAL-MART STORES EAST, L.P.,
    *Defendant-Appellee*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 12-C-1069
Rudolph T. Randa, *Judge*.

### Order

Martins Ocholi sued his employer, contending that it violated Title VII of the Civil Rights Act of 1964. The district court dismissed the suit as untimely. Title VII allows 90 days after the charging party receives notice of his right to sue. 42 U.S.C. §§ 2000e–5(f)(1), 2000e–16(c). Ocholi filed his suit 108 days after the EEOC mailed its right-to-sue letter, and the district court observed that Ocholi has not contended that delivery took 18 days or longer. Indeed, Ocholi never told the district court when he had received the letter.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Ocholi's appellate briefs do not address the ground on which the district court decided the case. Instead he asserts that Wal-Mart violated Title VII. This is not so much a justification for extending the time to sue (Ocholi has never argued for tolling or estoppel) as it is a proposal that the judiciary ignore the statute. We grant leeway to plaintiffs who represent themselves, as Ocholi has done, and do our best to understand inartfully phrased contentions, but statutes must be enforced whether or not a litigant has a lawyer. See *McNeil v. United States*, 508 U.S. 106, 113 (1993). Because Ocholi does not contend that the district court misunderstood or misapplied the time limit in Title VII, this appeal is dismissed for lack of an adequate brief. See Fed. R. App. P. 28(a)(9)(A).