[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12483
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02743-SDM-TGW


ALTHEA SMITH ENGLAND,

                                                              Plaintiff-Appellant,


versus


HILLSBOROUGH COMMUNITY COLLEGE,

                                                              Defendant,

BOARD OF TRUSTEES OF HILLSBOROUGH
COMMUNITY COLLEGE,

                                                              Defendant-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 25, 2013)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Althea England, proceeding pro se, appeals the district court's dismissal of her various employment-related claims against her former employer, defendants-appellees Hillsborough Community College and the Board of Trustees of the Hillsborough Community College (collectively, "Hillsborough College"). After careful review of the parties' briefs and the record, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Accepting the facts alleged in England's pleadings as true at this motion to dismiss stage, plaintiff England is a veteran "writer, journalist and public relations professional" who has worked on the editorial staffs of local and national news publications, in the public relations department of a major company, for a community theater program, and as the director of "the first adaptive alternative education and community learning center in the City of Tampa."

In May 2009, England applied for the position of "writing tutor" at the Tutorial Center of defendant Hillsborough's Ybor Campus. The Tutorial Center's director, Alex Bell, promised England that she would get the job "if the budget goes through." Bell suggested that, in the meantime, England start work on a volunteer basis, and she did so.

England continued in this volunteer position for eight months. During this period, she repeatedly inquired as to whether a paid position was forthcoming. Each time, Bell refused to give her any information.

Thereafter, Bell left his position as the Tutorial Center's director, and England applied for that job. England did not get the position, and she was the only in-house applicant not invited to interview. The position went to "a 22-year-old white male graduate of the University of South Florida" and was this person's "first job."

After not receiving a paid position of any type—either as a writing tutor or as the Tutorial Center director—England complained to the administrator responsible for the Tutorial Center, Linda Herlocker. In response, Herlocker offered England "a 'better' position . . . as 'Student Success Coordinator,' reporting directly to Dr. Herlocker." Herlocker told England that the "official tasks and function[s]" of this position "were not yet clearly defined because the position was new." England accepted the position and "was told that the position would begin on January 11, 2010."

England did not, however, start work on that date. Prior to her start date, England encountered difficulties completing the necessary paperwork. Herlocker then rescinded the offer on January 8, 2010. Later, England learned that the position of "Student Success Coordinator" was not a new one, and was not vacant

3

at the time Herlocker offered it to England.  England's original complaint stated that "the 'position' described by the Dean of Student Services did not actually exist within the approved operating budget but had been 'invented' as a diversionary tactic to distract the Plaintiff from a potential charge of discrimination against the college."

## A.    First Amended Complaint

After receiving a right to sue letter from the EEOC, England filed a pro se complaint in the Middle District of Florida.  England's complaint requested compensatory and punitive damages, as well as an order that she be "'reinstated' in the position . . . of Student Success Coordinator."  England's complaint referred to, inter alia, Title VII, the Americans with Disabilities Act (the "ADA"), and the Age Discrimination in Employment Act (the "ADEA").

England filed a substantially identical first amended complaint and then served defendant Hillsborough College.  Afterwards, Hillsborough responded with a motion to dismiss, arguing that England's amended complaint "is vague, ambiguous and fails to state a cause of action on which relief can be granted."  The district court agreed and dismissed the first amended complaint without prejudice.

When it dismissed the first amended complaint, the district court stated that England could "amend the amended complaint" within a certain period, and that "[c]ontinued failure to allege a claim for relief [would] result in dismissal with

prejudice." The district court advised that "THE PLAINTIFF SHOULD RETAIN COUNSEL."

**B.    Second and Third Amended Complaints**

Accordingly, England proceeded to file a second and a third amended complaint, however she continued to proceed pro se. England's third amended complaint asserted claims for: (1) breach of contract; (2) age discrimination under the ADEA; (3) unequal pay under the "Fair Employment Practices Act"; (4) fraud; (5) intentional infliction of emotional distress; (6) retaliatory discharge; (7) abuse of process; (8) verbal harassment; and (9) discriminatory, abusive, and unfair labor practices (later construed by the district court as a Title VII claim).

Defendant Hillsborough College filed another motion to dismiss for failure to state a claim, which the district court also granted. The district court dismissed England's claims with prejudice, except for her breach of contract, fraud, and Title VII claims. The district court's order included specific instructions about what a litigant must plead to assert one of those types of claims. The district court stated that "on or before NOVEMBER 23, 2012, the plaintiff shall submit a fourth amended complaint and shall limit the allegations to breach of contract, fraud, and Title VII discrimination." It cautioned England that "FAILURE TO STATE A CLAIM WILL LIKELY RESULT IN DISMISSAL OF THIS ACTION WITH PREJUDICE."

### C.    Fourth Amended Complaint

England, pro se, filed a notice of interlocutory appeal of the district court's with-prejudice dismissal of her other claims and requested a stay of the district court proceedings pending appeal.  The district court granted the stay, and this Court subsequently dismissed the interlocutory appeal for "want of prosecution because the appellant . . . failed to file record excerpts within the time fixed by the rules."

England pro se thereafter filed a fourth amended complaint.  This pleading contained no factual allegations.  Rather, it stated that "between April 30, 2009 and January 9, 2010, the Defendant did willfully, knowingly, and with deliberate intent commit the following actions in violation of the Plaintiff's civil rights as defined in Title VI, Title VII, and Title IX of the United States Code: 42 U.S.C. § 2000d-7, the Civil Rights Restoration Act of 1987 ("CRRA") (20 U.S.C. § 1687; 29 U.S.C. § 794, 42 U.S.C. § 2000d-4a, and 42 U.S.C. § 6101), the Civil Rights Act of 1991, and The Age Discrimination in Employment Act."  The "actions" to which the complaint referred were not factual allegations, but rather were more legal claims, including, inter alia, "breach of contract in failure to hire," "constructive fraud and fraudulent misrepresentation," and "violation of the Fair Labor Standards Act and/or any other federal law prohibiting unequal pay for equal work."

Defendant Hillsborough College responded to this fourth amended complaint with another motion to dismiss, which the district court also granted. The district court observed that the "fourth amended complaint [was] entirely devoid of facts." Therefore, dismissal of all claims with prejudice was appropriate. England appealed the with-prejudice dismissal of her fourth amended complaint.[1]

## II.  DISCUSSION

We must first determine the scope of our review. England's notice of appeal is limited to the district court's dismissal of the claims in her fourth amended complaint. However, on appeal, England appears to challenge also the district court's dismissal of claims asserted in her third amended complaint. As noted, we previously dismissed England's interlocutory appeal of those claims. Because the district court's dismissal of England's fourth amended complaint was a final judgment in this action, the scope of our review extends to "all prior non-final orders and rulings" and "rulings on previous interlocutory orders." Barfield v. Brierton, 883 F.2d 923, 930–31 (11th Cir. 1989). Thus, we consider the district court's with-prejudice dismissals of claims in both England's third and fourth amended complaints.

---

[1]"We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted). "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). However, pro se parties still must adhere to the procedural rules. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

## A.    Third Amended Complaint

On appeal, England challenges the with-prejudice dismissal of four of the claims she asserted in her third amended complaint—the ADEA claim, the "Fair Employment Practices Act" claim, the retaliatory discharge claim, and the harassment claim.  In dismissing these claims, the district court stated: "the Eleventh Amendment continues to bar the ADEA claim and neither a 'Fair Employment Practices Act' claim, a general 'retaliatory discharge' claim, nor a 'verbal harassment claim' appears in Florida or federal law."

The district court did not err.  As for the ADEA claim, "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91, 120 S. Ct. 631, 650 (2000).  As an "arm of the state," a Florida community college like defendant Hillsborough College enjoys immunity from suit.  Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., Fla., 421 F.3d 1190, 1194 (11th Cir.2005).  Thus, the ADEA claim was barred.  As for the other claims, England offers nothing to challenge the district court's conclusion that her claims lack any legal basis.

## B.    Fourth Amended Complaint

England also challenges the district court's with-prejudice dismissal of the remaining claims in her fourth amended complaint.  As for these claims, the district court dismissed them because, after England had received numerous

8

opportunities to amend her pleading, she filed a "complaint entirely devoid of facts." We agree with the district court that England's fourth amended complaint, which was essentially a list of statutory and common law claims without any facts, much less any effort to link allegations to claims, did not satisfy the pleading requirements set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation marks omitted)). Twombly demands that a complaint contain "enough facts to state a claim that is plausible on its face." Id. at 570, 127 S. Ct. at 1974. England's fourth amended complaint contained no facts and therefore did not satisfy Twombly's pleading requirements.

To the extent England argues that the district court should have granted her leave to amend, we note that England did not request leave to amend. Even if she had, we would not find reversible error. "We review for abuse of discretion a district court's denial of a motion to amend." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court gave England two opportunities to file amended complaints, and, each time, gave her explicit instructions as to what those amended complaints should contain. Moreover, England filed a total of five complaints in this case. In none of those pleadings did England heed the district

9

court's instructions. In light of England's repeated "failure to cure deficiencies by amendments previously allowed," the district court did not abuse its discretion in dismissing England's fourth amended complaint with prejudice and without allowing her yet another opportunity to amend. See id.

We therefore affirm the district court's dismissal with prejudice of all of the claims asserted by plaintiff England in this case.

**AFFIRMED.**