**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2019[*]
Decided January 15, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1302

GEORGE REED,
    *Plaintiff-Appellant*,

*v.*

KRISTEN VASQUEZ, et al.,
    *Defendants-Appellees*.

Appeal from the United States
District Court for the
Eastern District of Wisconsin.

No. 17-CV-1722

William C. Griesbach,
*Chief Judge*.

**O R D E R**

George Reed, a Wisconsin inmate suffering from plantar fasciitis, sued prison officials for their deliberate indifference to his foot pain. He alleged that they ignored a podiatrist's recommendation to provide supportive shoes from a nonstandard prison vendor. The district court screened his complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A(a). Because documents that Reed attached to his complaint show that prison officials offered him the opportunity to buy supportive shoes through

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the prison's usual vendors, the officials did not disregard Reed's condition, and we affirm.

We draw the following facts from Reed's complaint and its attachments, *Carmody v. Bd. of Trs. of the Univ. of Ill.*, 747 F.3d 470, 471 (7th Cir. 2014), which include treatment notes, grievances, and Reed's correspondence with prison officials. While incarcerated at Racine Correctional Institution, Reed visited Dr. Matthew Larsen, a podiatrist at an off-site clinic, for treatment of his plantar fasciitis, a painful condition that left his feet infected and swollen. In his treatment notes, Dr. Larsen "recommended that [Reed] get better, more supportive shoe gear than what is offered from [the prison's] current vendors." Another physician's report from the same date recommended that Reed receive a "night splint" and "more supportive shoe gear [from] outside … vendors" like "New Balance or Brooks with Superfeet insoles or Lyncos." (The physician's signature on this report was illegible, but Reed insists it was signed by "Dr. Greg," a prison doctor.) Reed later submitted a written request to the prison's health-services unit requesting permission to purchase shoes from an outside vendor.

Health-services personnel Laura Frazier and Kristine Vasquez responded to Reed's submission by ordering a night splint and insoles, but they denied his request to order shoes from an outside vendor. They informed him that supportive New Balance shoes were available through the prison's usual vendors, so ordering from an outside vendor was unnecessary. But Reed insisted on ordering shoes from an outside vendor. Through successive internal grievances, he protested that the recommendation for the New Balance shoes had come from Dr. Greg, not Dr. Larsen, and that New Balance shoes were insufficiently supportive.

After filing unsuccessful grievances with the Department of Corrections, Reed brought this deliberate-indifference suit against several prison health-services officials. He alleged essentially that the defendants acted with deliberate indifference by failing to follow Dr. Larsen's instructions to provide him with shoes from an outside vendor. Later he moved to amend his complaint to add a new defendant, Bureau of Health Services Director James Greer.

At screening the district court concluded that Reed's complaint and accompanying exhibits failed to state a deliberate-indifference claim against any defendant. Based on information contained in the exhibits, the court determined that the defendants were aware of Reed's serious foot condition but none showed disregard for it. Reed's correspondence with the health-services unit showed that they offered him the opportunity to buy New Balance shoes through a standard prison vendor based on

a physician's opinion that New Balance shoes would provide him with the support he needed. As for Reed's motion to amend to add Greer as a defendant, the judge denied it because Reed failed to supplement it with a copy of his proposed amended complaint. *See* E.D. WIS. CIV. LOCAL R. 15(a).

On appeal Reed maintains that New Balance shoes do not provide the support he requires and that prison officials acted with deliberate indifference by not following Dr. Larsen's instructions to let him order shoes from an outside vendor. By limiting him to the prison's current vendors, he asserts, the officials caused his condition to worsen to the point that he contracted a foot infection requiring a cortisone injection.

The district court properly dismissed the complaint. Assuming plantar fasciitis is a serious medical need, Reed needed to plausibly allege that officials consciously disregarded his need for supportive shoes in order to state a claim for deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994); *Arnett v. Webster*, 658 F.3d 742, 755–56 (7th Cir. 2011). Far from alleging that officials ignored his medical needs, Reed had, in the judge's words, pleaded the "opposite." His attachments show that prison officials offered him multiple opportunities to purchase New Balance shoes, which a physician had recommended. Reed's argument that Dr. Greg, not Dr. Larsen, prescribed New Balance is immaterial—prison officials are not deliberately indifferent if they choose between two different courses of treatment as long as the patient's medical records support either approach. *See Norfleet v. Webster*, 439 F.3d 392, 396–97 (7th Cir. 2006) (finding no deliberate indifference where prison officials followed a course of treatment that differed only "in degree" from an off-site doctor's recommendation).

Reed also generally challenges the denial of his motion to amend his complaint to add Greer as a defendant. But even pro se litigants must comply with local rules, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), so the judge appropriately dismissed Reed's motion to amend based on his failure to submit a proposed amended complaint with his motion. In any event, the amendment would have been futile because the documents attached to Reed's complaint reflect that he cannot state a claim against the prison officials.

Because the district court dismissed Reed's complaint for failure to state claim, *see* 28 U.S.C. § 1915(g), he has accrued a strike on appeal in addition to the one incurred in the district court, *see Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

AFFIRMED