**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted September 17, 2021[*]

Decided September 20, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1135

| | |
|---|---|
| ALLEN BEDYNEK STUMM,<br>        *Plaintiff-Appellant,*<br><br>        *v.*<br><br>DENIS R. MCDONOUGH, Secretary of<br>Veterans Affairs,<br>        *Defendant-Appellee.* | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin.<br><br>No. 12-cv-057-wmc<br>William M. Conley, *Judge*. |

**Order**

Two years ago we affirmed an order of the district court resolving several of Allen Bedynek Stumm's claims, but we remanded one for further proceedings. *Stumm v. Wilkie*, No. 18-2978 (7th Cir. Dec. 3, 2019). The remanded claim concerns Stumm's contention that the Department of Veterans Affairs discriminated against him on account of his age. The district court then granted summary judgment against Stumm on the age-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

discrimination claim, finding that he had missed a critical deadline when seeking review of a decision by the Equal Employment Opportunity Commission. *Stumm v. Wilkie,* 2021 U.S. Dist. LEXIS 3274 (W.D. Wis. Jan. 7, 2021).

Stumm and the Department filed appellate briefs, which were assigned to us as the panel that had resolved Stumm's first appeal. We found Stumm's documents hard to follow but thought that the case might present an issue that could be illuminated with the assistance of counsel. So we struck the briefs and recruited a lawyer to assist Stumm. See Order of July 26, 2021. Brent T. Murphy of Latham & Watkins agreed to represent Stumm.

But Murphy's efforts to obtain Stumm's consent to the representation were unavailing. Stumm failed to answer Murphy's letters and did not furnish a phone number. On September 7, 2021, Stumm filed a rambling letter thanking the court for recruiting a lawyer but saying that he would prefer "local pro bono … counsel". Murphy soon filed a motion to withdraw. We grant that motion. Murphy has our thanks for making the effort. To the extent that Stumm may believe he can reject lawyers until we manage to recruit one he likes, he is mistaken. He has spurned aid from one of the nation's leading law firms and is left to his own devices. We rescind the order recruiting counsel and the order striking the briefs. Those briefs are reinstated, and we proceed to decision.

Stumm has not done nearly as well on his own behalf as a lawyer might have done for him. His brief narrates grievances that were resolved long ago—by the EEOC, or the district court's initial decision, or our decision in 2019. He asserts that someone stole checks made out to him, that the agency violated the Due Process Clause (though he does not explain why), that the EEOC was wrong to think that he failed to cooperate in the proceedings before the Veterans Administration, that a deposition was taken or understood wrongfully, and that several persons are carrying out a vendetta against him. None of these contentions addresses the only question that currently matters to this suit: whether, as the district court held, Stumm missed a deadline and therefore has forfeited his opportunity to obtain judicial review of the agency's decision.

Federal courts often bend over backward to find issues implicit in a *pro se* litigant's filings, but someone who was offered the benefit of counsel and did not seize the opportunity cannot depend on that principle. In the end, even a person representing himself must follow the rules. See *McNeil v. United States*, 508 U.S. 106, 113 (1993). One of those rules is the need to make a comprehensible legal argument. Stumm has not done so, and on that ground the judgment is affirmed. Resolution of the timeliness question, to the extent it affects other litigants, is left for another day.

AFFIRMED