# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN EDWARD FOLAND,      )
                               )
      Plaintiff,          )
                               )
      v.                )      Civil Action No.  23-00761 (UNA)
                               )
                               )
FEDERAL BUREAU        )
OF INVESTIGATION,      )
                               )
      Defendant.      )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

Plaintiff has filed a "Complaint for a Civil Case Alleging Negligence" against the Federal Bureau of Investigation (FBI). He seeks "Some substantial Offer." Compl., Sec. IV. Relief. The United States, of which the FBI is a part, may be sued only upon consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of the United States' immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

In the caption of the complaint, Plaintiff cites the diversity statute, 28 U.S.C. § 1332. That statute is inapposite because it authorizes suits against "citizens" of States, which the United States clearly is not. The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, waives the United States'

1

immunity with respect to certain tort claims for money damages but only after the claim has been presented to the agency and either "finally denied by the agency in writing and sent by certified or registered mail" or not acted upon within six months of presentment. 28 U.S.C. § 2675(a); *see McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *GAF Corp. v. United States,* 818 F.2d 901, 904 (D.C. Cir. 1987) ("Section 2675(a) imposes . . . an administrative-filing requirement, satisfaction of which is a jurisdictional prerequisite to the maintenance of a tort suit against the United States."). Nothing in the complaint suggests that Plaintiff presented a claim to the FBI, much less exhausted his administrative remedies. Therefore, the complaint will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
United States District Judge

Date: April 6, 2023